[No. 52187–5. En Banc. April 17, 1986.]

THE CITY OF TACOMA, *Appellant,* v. SEATTLE–FIRST NATIONAL BANK, *Respondent.*

*Robert J. Backstein, City Attorney, F. H. Chapin, Jr., Chief Assistant,* and *Michael D. Smith, Assistant,* for appellant.

*Davis, Wright, Todd, Riese & Jones,* by *C. James Judson* and *Susan G. Duffy,* for respondent.

DORE, J.—We hold that the statutory authority for imposing taxes on financial institutions, RCW 82.14A.010 *et seq.,* requires that a municipality classify bank business activities by the same method as they are classified for purposes of state business and occupation taxes. The trial court judgment is affirmed.

## FACTS

This is a declaratory judgment action brought by the City of Tacoma and Seattle–First National Bank in Pierce County Superior Court. The action, filed on stipulated facts, seeks a judicial interpretation of the state statutes governing the authority of municipalities to impose business and occupation taxes on financial institutions.

Sea–First is a national banking association doing business throughout the state of Washington. As a part of its business as a financial institution, Sea–First has, in the past, leased automobiles to users and consumers. During the relevant period (January 1, 1979 through September 30, 1981), Sea–First conducted business activities, including automobile leasing, in the city.

Tacoma assesses a business and occupation tax for the privilege of doing business in the city. During the period at issue, Sea–First filed a Tacoma business and occupation tax return, reporting the income from its leasing activity in Tacoma and paying taxes on the gross receipts attributable to that activity under the "retailing" B & O tax classification.[1] On December 30, 1981, the City issued an assessment based on an audit of Sea–First's B & O tax returns for the period in question. Pursuant to the City's tax code, Tacoma Municipal Code, ch. 6.68, the City reclassified Sea–First's gross income with respect to its automobile leasing activi-

---

[1]Consistent with that classification, Sea–First also charged its Tacoma customers a sales tax with respect to the relevant leasing activities and remitted that tax to the City as well.

ties from the rate applicable to its "retailing" classification to the substantially higher rate applicable to its "service" classification. This resulted in a substantial deficiency assessed against Sea–First.

Sea–First pursued an administrative appeal of the City's B & O tax assessment on the basis that RCW 82.14A.010, which governs the authority of municipalities with regard to B & O taxation of financial institutions, requires the City to employ the same tax classifications for those institutions as those adopted by the State. The city hearings officer upheld Sea–First's position and denied the City's motion for reconsideration. The City appealed such decision to the Tacoma City Council. The council directed the City to commence a lawsuit in superior court to seek a judicial declaration regarding the construction of RCW 82.14A.010.

This lawsuit followed and was brought for hearing on stipulated facts on the parties' cross motions for summary judgment. The trial court judge entered summary judgment in favor of Sea–First, construing RCW 82.14A.010 to limit the City's right to tax the gross income of financial institutions by requiring the City to employ tax classifications consistent with those employed by the State for the same purpose. The City now appeals that judgment.

FINANCIAL INSTITUTIONS B & O TAXATION

The parties agree that under Tacoma Municipal Code 6.68.220(i), Sea–First's automobile leasing activities are "service" activities.

Sea–First argues that the City is bound, notwithstanding the provisions of the city code, to apply the same classification of bank activities as would the State of Washington. This position is based upon RCW 82.14A.010, which provides as follows:

> The governing body of any *city* or town which imposes a license fee or tax, by ordinance or resolution, *may pursuant to RCW 82.14A.010 through 82.14A.030 only,* fix and *impose a* license fee or *tax on national banks,* state banks, trust companies, mutual savings banks, building and loan associations, savings and loan associations, *and*

*other financial institutions* for the act or privilege of engaging in business: *Provided,* That *the definitions,* deductions and exemptions *set forth in chapter 82.04 RCW, insofar as they shall be applicable shall be applied to a* license fee or *tax imposed by any city* or town, if such fee or tax is measured by the gross income of the business: . . .

(Italics ours.)

The City concedes that if the definitions set forth in RCW 82.04 are applicable and bind the City, then Sea–First's automobile leasing activities shall be classified by the City as "retail" activities. *See* RCW 82.04.050(2), (4).

The City contends that the imposition of its own taxing categories is not restrained by the definitions set forth in RCW 82.04. The City premises this argument on the assertion that a municipality has the same authority as the State to legislate business and occupation tax classifications, and that RCW 82.14A.010 only mandates use of the state B & O classifications "insofar as they shall be applicable". Thus, in this case the state B & O definitions which would require Sea–First's activities be classified as "retail" are made inapplicable by the City's classification as "service" activities. This amounts to an argument that the state classifications are "applicable" only when the City has developed no contrary classifications.

Sea–First maintained, and the trial court agreed, that application of the terms of RCW 82.14A.010 to the case at hand is straightforward. The City seeks to apply its B & O tax to a financial institution. The statute requires that cities seeking to tax a bank apply the definitions of the state B & O tax statutes "insofar as they shall be applicable". One of the definitional sections in the *state* B & O tax statute provides that renting or leasing of tangible personal property to consumers is classified as a retailing for B & O tax purposes. RCW 82.04.050(4). WAC 458–20–211, the Department of Revenue's administrative interpretation of that statute, contains a similar provision. Thus, under the State's statutory classification, made binding on the City by

RCW 82.14A.010, Sea–First's automobile leasing activities are taxable by the City under the retailing classification.

The arguments of both parties are grounded on a closely analogous decision of this court. In *Commonwealth Title Ins. Co. v. Tacoma,* 81 Wn.2d 391, 502 P.2d 1024 (1972) we held that the definitions and classifications contained in the state business and occupation tax provisions are not binding on cities when imposing a local B & O tax. The City contends that *Commonwealth* provides that a city may enact different classifications for financial institutions' activities than those the State has enacted. Sea–First contends that *Commonwealth* supports an opposite result.

In *Commonwealth,* the City of Tacoma placed title insurance activities in the "service" category for the purposes of its B & O tax despite the fact that the State defined this activity as "retail" in that section of the code dealing with state B & O taxation. This court held that the City's action was lawful, reasoning as follows:

> First we will consider the effect of the state's definition. Appellant City of Tacoma contends that the state's denomination of the activities of title insurance companies as retail sales for the purposes of the state business and occupation tax in RCW 82.04.050 is not binding on the City of Tacoma in its classification of these activities for purposes of its business and occupation tax. We agree. *In general, a city or municipality may define its taxation categories as it sees fit unless it is restrained by a constitutional provision or legislative enactment. See Winkenwerder v. Yakima,* 52 Wn.2d 617, 328 P.2d 873 (1958). In the case of the business and occupation tax *there is no such restraining provision.* We believe that *if the legislature had intended to make its business and occupation tax definitions binding on the cities of this state it would have done so specifically, as it did in* RCW 82.14.030, *82.14.050,* and 82.14.070 when it authorized the imposition of city *sales* taxes.

(Some italics ours.) *Commonwealth,* at 394.

We concluded that, unlike the state sales tax provisions which made the business and occupation tax classifications binding on city sales taxes, the state B & O tax provisions

contained no such restraining language confining municipalities to the state classifications when imposing local B & O taxes.

We further noted that for the purposes of local *sales* taxes, the governing statutes mandate that cities classify title insurance activities as "retail" transactions. *Commonwealth*, at 393–95. The language in RCW 82.14.050, to which this court pointed as binding local sales tax classifications to state B & O tax classifications, is as follows:

> All administrative provisions in chapters 82.03, 82.08, 82.12, and 82.32 RCW, as they now exist or may hereafter be amended, shall, *insofar as they are applicable* to state sales and use taxes, be applicable to [city sales] taxes imposed pursuant to this chapter.

(Italics ours.) RCW 82.14.050. This is substantially the *same language* used in the financial institutions B & O tax provisions, RCW 82.14A.010. Thus, the statutory authority to impose a B & O tax on financial institutions is more akin to the local sales tax authority discussed in *Commonwealth* than to the general B & O taxing authority which contains no restraining provision.

Adoption of the City's interpretation of RCW 82.14A.010 would render the state proviso virtually meaningless, because a city could avoid application of the relevant state definition, deduction, or exemption simply by enacting its own contrary provision. The trial court has correctly interpreted our holding in *Commonwealth*.

■ The City may define its taxation categories as it sees fit only if not restrained by legislative enactment. RCW 82.14A.010 is such an enactment. The plain meaning of the language of RCW 82.14A.010 is that the definitions of RCW 82.04 *shall be applied* to a B & O tax imposed by any city or town on a financial institution insofar as those definitions apply to the activities sought to be taxed. In other words, only those definitions that are relevant to a city's taxing scheme are applied. To the extent that Tacoma chooses to tax the leasing of tangible personal property by financial institutions, the City is bound to apply the *State's*

definitions, deductions, and exemptions with respect to that activity. If the City decided not to tax that activity, the state definitions with respect to leasing would be inapplicable.

## Conclusion

The proviso of RCW 82.14A.010 mandates that to the extent that cities tax the gross income of financial institutions, they are bound to employ classifications consistent with those employed by the State for the same purpose. To the extent that the City of Tacoma chooses to tax the leasing of automobiles by Seattle–First National Bank, the City is bound to classify this activity as retailing.

We affirm.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.