[No. 55619-9.    En Banc.    July 20, 1989.]

FINANCIAL PACIFIC LEASING, INC., *Respondent*, v. THE CITY
OF TACOMA, *Appellant.*

Robert J. Backstein, City Attorney, and William J. Barker, F.H. Chapin, Jr., and Harding T. Roe, Assistants, for appellant.

McGavick, Graves, Beale & McNerthney, by Joseph P. Jackowski, for respondent.

PEARSON, J.—The issue presented is whether Financial Pacific Leasing, Inc. is an "other financial institution" within the meaning of RCW 82.14A.010, so as to be entitled to a retail sales tax classification under the B&O tax in accordance with our ruling in *Tacoma v. Seattle–First Nat'l Bank*, 105 Wn.2d 663, 717 P.2d 760 (1986). Financial Pacific Leasing, Inc. (hereafter FPL) appeals a trial court ruling holding that it is not a financial institution within the meaning of RCW 82.14A.010. The City of Tacoma appeals the trial court's holding that FPL was denied equal protection of the law and therefore entitled to a judgment for overpaid taxes retroactive to April 17, 1986, the publication date of *Tacoma v. Seattle–First Nat'l Bank, supra.* We accepted direct review of both appeals. We affirm in part and reverse in part.

FPL was incorporated on January 5, 1976. Its articles of incorporation state that its purpose is to "purchase, lease, rent and sell personal property." On May 23, 1986, FPL requested a $14,210.90 refund for allegedly overpaid taxes for the years 1976 through 1985. The contention was that it should have paid taxes on the basis of the retail sales rate pursuant to section 6.68.220 of the Tacoma Municipal Code, rather than on the basis of the services rate prescribed in section 6.68.220. In *Tacoma v. Seattle–First Nat'l Bank, supra,* we held that Seattle–First National Bank had to be treated by the City of Tacoma in the same manner, in terms of classification for tax purposes, as it was treated by the State relative to its leasing activities, thus

giving the Bank the benefit of the lower retail sales rate for that part of its activities. FPL contends that it is a financial institution and therefore should also benefit by our decision in the *Seattle–First* case.

The Director of the Department of Tax and License denied the request for refund. In addition, on auditing FPL for the period from January 1, 1985 to March 31, 1986, the Department found that the leasing company had underpaid its taxes for that period in the amount of $12,072.27.

FPL appealed the denial of its request for refund to the Tacoma hearings examiner who affirmed the action of the Director of Tax and License. The City Council sustained the decision of the hearings examiner.

In this action, FPL asked for: (1) a refund of taxes which it claimed were overpaid from 1976 to the present, and (2) a judgment declaring that the plaintiff's leasing activities be taxed by the City of Tacoma at the retail sales rate of .0015 rather than at the service and other activities rate of .005.

Cross motions for summary judgment were filed and heard on affidavits. The trial court ruled that the leasing company was not an "other financial institution" as defined in RCW 82.14A.010 and not entitled to relief on that ground. But, the trial court also ruled that FPL was denied equal protection of the law since banks were taxed on their leasing activities at the lower rate. The trial court reversed the ruling of the hearings examiner on the amount of taxes overpaid by FPL and entered a judgment against the City for the amount of $26,176.01.

RCW 82.14A.010 grants municipalities the authority to impose a business and occupation tax on banks and other financial institutions. This statute states:

> The governing body of any city or town which imposes a license fee or tax, by ordinance or resolution, may pursuant to RCW 82.14A.010 through 82.14A.030 only, fix and impose a license fee or tax on national banks, state banks, trust companies, mutual savings banks, building and loan associations, savings and loan associations, and *other financial institutions* . . .

(Italics ours.)

Banks historically have been exempt from most state and local taxation. The record demonstrates that RCW 82.14A-.010 was enacted to remedy a specific situation, the tax exempt status of banks. Thus, in 1972, chapter 82.14A was enacted. RCW 82.14A.010 requires consistent treatment between state and local governments with respect to the manner in which the income of banks and other financial institutions is taxed. No such legislation was needed to empower cities to tax leasing companies, as there had been no prohibition on the taxation of such private corporate activities.

The term "financial institution" is defined in two other statutes. In RCW 35.38.060, a financial institution is defined as "a bank engaged in banking in this state in accordance with RCW 30.04.300 and any state bank or trust company, national banking association, stock savings bank, mutual savings bank, or savings and loan association". RCW 30.43.010 defines the term as

> any bank or trust company established in this state pursuant to Title 12, United States Code, chapter 2, or Title 30 RCW, any mutual savings bank established in this state pursuant to Title 32 RCW, any savings and loan association established in this state pursuant to Title 12, United States Code, chapter 12, or Title 33 RCW, and any credit union established in this state pursuant to Title 12, United States Code, chapter 14 or chapters 31.12 and 31.13 RCW.

We conclude that FPL does not meet either definition and is not subject to our decision in *Tacoma v. Seattle–First Nat'l Bank, supra.* FPL is a corporation engaged in the business of purchasing tangible personal property at the direction of a third party and leasing the same to the third party; whereas, a bank is primarily involved in traditional banking activities of lending money and making loans to its customers, plus additional activities. Since this distinction results in leasing corporations being taxed at a rate higher than the rate applied to banks which are also engaged in leasing activities, placing the former at a competitive disadvantage, FPL claims this

violates the equal protection clause of the state and federal constitutions.

At the threshold of an equal protection analysis, this court must determine the standard of judicial review. Where neither a suspect classification nor a fundamental right is at issue, a rational basis test is the appropriate test to determine whether a violation of equal protection has occurred. *Myrick v. Pierce Cy. Comm'rs*, 102 Wn.2d 698, 701, 677 P.2d 140, 687 P.2d 1152 (1984); *Paulson v. County of Pierce*, 99 Wn.2d 645, 664 P.2d 1202, *appeal dismissed*, 464 U.S. 957 (1983); *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs*, 92 Wn.2d 831, 601 P.2d 936 (1979), *appeal dismissed*, 446 U.S. 979 (1980). Since this case involves an economic regulation, a rational basis test is utilized. *Myrick*, at 701.

The rational basis test is a 3–step analysis: first, does the legislation apply alike to all members within the designated class; second, does some basis exist for reasonably distinguishing between those within and without the designated class; and third, does the classification have any rational relation to the purposes of the challenged legislation. *Myrick*, at 701.

By applying the 3–part rational basis test, FPL was not denied equal protection of the law. First, FPL was treated in the same manner, for tax purposes, as all other leasing corporations in the City of Tacoma. Second, banks and other financial institutions are in a separate class from leasing corporations. Persons of different classes may be treated differently. *Bellevue Sch. Dist. 405 v. Brazier Constr. Co.*, 100 Wn.2d 776, 675 P.2d 232 (1984). And third, the creation of these two separate classes has a rational relation to the challenged legislation. As stated earlier, banks are primarily involved in traditional banking activities, plus a wide range of other activities; whereas, leasing corporations are primarily involved in leasing activities.

Furthermore, even if the class was narrowly defined as those entities engaging in leasing activities, the legislative

distinction between the tax rate for banks involved in leasing activities and corporations engaged solely in the business of leasing is not a violation of the equal protection clause. All that is required to uphold this distinction is a rational relation between the disparity in the treatment and the objective of the law. One objective of the statute at hand is to tax all banks in the state of Washington at a single retail tax rate. Today banks are engaged in a wide variety of activities; a uniform tax system for such financial institutions is essential. It would be confusing to tax every separate activity in which a bank is engaged at a different rate. Thus, a rational reason exists for treating banks that engage in leasing activities different from leasing corporations.

We affirm the trial court's ruling that FPL is not a financial institution and reverse the ruling that FPL was denied equal protection of the law. The City is entitled to summary judgment consistent with this opinion.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and SMITH, JJ., concur.