[No. 56180–0.   En Banc.   November 15, 1990.]

FORD MOTOR COMPANY, *Appellant,* v. GARY BARRETT, ET AL, *Respondents.*

558

*Davis Wright Tremaine*, by *John A. Reed, John H. Zobel*, and *Stephen M. Rummage*, for appellant.

*Armstrong, Bradbury & Maier, P.C.*, by *Peter L. Maier* and *Katherine See Kennedy*, for respondent Barrett.

*Kenneth O. Eikenberry, Attorney General*, and *Jay Uchida, Assistant*, for respondent State.

SMITH, J.—This is an appeal by Ford Motor Company, a Delaware corporation registered to do business in this state, from a judgment of the King County Superior Court which affirmed a decision of the new motor vehicle arbitration board on a claim under RCW 19.118, the motor vehicle warranties law, filed against the company by Gary Barrett, a consumer who purchased a new vehicle from Ford. Appellant Ford Motor Company claims that RCW 19.118- .100(3), which allows costs and continuing damages to a consumer who prevails on appeal, is unconstitutional as a violation of the equal protection, privileges and immunities and due process clauses of the Washington State and United States Constitutions. We do not agree. We affirm the decision of the Superior Court upholding the arbitration board's decision and granting continuing damages and attorney's fees to Respondent Barrett.

This case presents the questions whether RCW 19.118- .100(3), a portion of the Washington motor vehicles warranties law, referred to in the vernacular as the "lemon law,"[1] (a) violates the equal protection guaranties of the United States and Washington Constitutions; (b) violates

---

[1]One definition of "lemon" is "a manufactured item that is defective or imperfect." *Webster's New World Dictionary* 808 (2d college ed. 1986).

the privileges and immunities provision of the Washington Constitution; and (c) violates the due process clauses of the United States and Washington Constitutions.

Respondent Gary Barrett bought a new 1985 Ford Thunderbird from Mossy Ford in Bellevue on September 13, 1985. The vehicle was manufactured by Appellant Ford and came with a manufacturer's express warranty. Shortly after the sale, the vehicle manifested a steering problem which caused it to "pull" to the left. Mr. Barrett returned the vehicle to the dealer for repair on several occasions. The dealer was unable to correct the steering problem.

Appellant Ford Motor Company concedes that the steering defect constitutes a "serious safety defect" under former RCW 19.118.021(15) (now codified as subsection (16)). A "serious safety defect" is defined by that statute as "a life–threatening malfunction or nonconformity that impedes the consumer's ability to control or operate the new motor vehicle for ordinary use or reasonable intended purposes or creates a risk of fire or explosion."

Respondent Gary Barrett filed a "lemon law" claim against Appellant Ford on February 23, 1988, under the motor vehicles warranties law. The claim proceeded through arbitration. On April 21, 1988, a statutory 3–person independent arbitration board ordered Appellant Ford to repurchase the vehicle minus a statutorily based offset for use.[2] Appellant Ford petitioned the King County Superior Court for de novo review pursuant to RCW 19.118.090(8) and RCW 19.118.100. In addition to denying Mr. Barrett's claim on the merits and raising other objections, Appellant Ford sought a declaration that the monetary provisions of RCW 19.118.100(3) are unconstitutional. The Attorney General intervened to defend the statute's constitutionality.

Appellant Ford challenged provisions of RCW 19.118-.100(3) which specify the consequences the manufacturer must bear if the consumer ultimately prevails in the de novo appeal. RCW 19.118.100(3) states:

---

[2]*See* RCW 19.118.080–.100.

If the consumer prevails, recovery shall include the monetary value of the award, attorneys' fees and costs incurred in the superior court action, and, if the board awarded the consumer replacement or repurchase of the vehicle and the manufacturer did not comply, continuing damages in the amount of twenty–five dollars per day for all days beyond the forty calendar day period following the manufacturer's receipt of the consumer's acceptance of the board's decision in which the manufacturer did not provide the consumer with the free use of a comparable loaner replacement motor vehicle.

Appellant Ford elected not to provide the free use of a comparable loaner replacement vehicle to Mr. Barrett.

In a final order dated May 19, 1989, the Honorable Patricia H. Aitken, King County Superior Court, upheld the judgment of the new motor vehicle arbitration board. The court held that, as a matter of law, the $25 per day continuing damage provision and the attorney's fees and costs provision of RCW 19.118.100(3) are constitutional and do not violate the equal protection and due process clauses of the United States Constitution and the privileges and immunities and due process clauses of the Washington Constitution.

On June 8, 1989, by stipulation and order, the Superior Court entered judgment in favor of Respondent Gary Barrett for $7,125, representing the repurchase cost less offset for use. Pursuant to RCW 19.118.100(3), the court additionally awarded respondent $7,000 for Appellant Ford's failure to provide free use of a comparable loaner replacement vehicle pending its appeal and $1,750 for attorney's fees incurred to May 11, 1989. This appeal followed.

### EQUAL PROTECTION DOCTRINE

Appellant Ford asserts that RCW 19.118.100(3) violates the equal protection guaranties of the United States and Washington State Constitutions by "singling out a class of litigants and subjecting them to onerous penalties as a condition of seeking redress within the court system." Appellant contends that "[t]he lemon law ostensibly permits both consumers and manufacturers to appeal to the superior

court for *de novo* review of [the arbitration board's] decisions. Yet, only consumers appeal without risk. A manufacturer who appeals faces the threat of a [$25 per day] fine and payment of the consumer's attorneys' fees."

■ Where neither a suspect classification nor a fundamental right is at issue, a rational basis test is the appropriate one for determining whether a violation of equal protection of the law has occurred.[3]

Appellant Ford asserts that strict scrutiny is the only appropriate level of judicial review because this case involves both a suspect classification and a fundamental right.

■ Appellant Ford contends that RCW 19.118.100(3) restricts a manufacturer's right to appeal, thus burdening its fundamental right of access to the courts. Appellant cites *Carter v. University of Wash.*,[4] to support its argument that the right of access to courts is necessary to preserve numerous other rights and is, therefore, a fundamental right entitled to constitutional protection. This court in *Housing Auth. v. Saylors*,[5] ruled that access to the courts is not a fundamental right guaranteed by the Washington Constitution. Access to the courts is not recognized, of itself, as a fundamental right.[6]

RCW 19.118.100 gives a manufacturer the right to appeal an adverse ruling by the new motor vehicle arbitration

---

[3]*Myrick v. Board of Pierce Cy. Comm'rs*, 102 Wn.2d 698, 701, 677 P.2d 140, 687 P.2d 1152 (1984); *Paulson v. County of Pierce*, 99 Wn.2d 645, 664 P.2d 1202, *appeal dismissed*, 464 U.S. 957 (1983); *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs*, 92 Wn.2d 831, 601 P.2d 936 (1979), *appeal dismissed*, 446 U.S. 979 (1980). *Accord, Financial Pac. Leasing, Inc. v. Tacoma*, 113 Wn.2d 143, 776 P.2d 136 (1989).

[4]85 Wn.2d 391, 397, 536 P.2d 618 (1975), *overruled in part in Housing Auth. v. Saylors*, 87 Wn.2d 732, 557 P.2d 321 (1976).

[5]87 Wn.2d 732, 739–40, 557 P.2d 321 (1976).

[6]*Boddie v. Connecticut*, 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971); *United States v. Kras*, 409 U.S. 434, 34 L. Ed. 2d 626, 93 S. Ct. 631 (1973); *Ortwein v. Schwab*, 410 U.S. 656, 35 L. Ed. 2d 572, 93 S. Ct. 1172 (1973).

board to the superior court for a trial de novo. Both the manufacturer and the consumer have access to the superior court. The appellant manufacturer is liable for the consumer's attorney's fees and the $25 per day damages only in the event its appeal is denied.

■ Appellant Ford's contention that RCW 19.118.100(3) infringes on its right to a jury trial is moot. CR 38(b) requires that a demand for jury trial be made at or prior to the time a case is set for trial. Failure to file a demand pursuant to the rule constitutes a waiver. At a hearing on February 13, 1989, the Superior Court set a trial date of July 6, 1989. Ford did not file a jury demand or pay the jury fee on or prior to that date. Ford thus waived its right to jury trial.

■ A statute enacted by the Washington State Legislature is presumed constitutional.[7] The party challenging it has the burden of proving it is unconstitutional beyond a reasonable doubt.[8]

The presumption of constitutionality is especially strong when a statute regulating business activity is challenged on equal protection or due process grounds. As this court noted in *American Network, Inc. v. Utilities & Transp. Comm'n:*[9]

> [J]udicial deference is particularly necessary when the legislation in question relates to purely business and economic activity. In equal protection cases, a particularly heavy presumption of constitutionality applies when the statute concerns economic matters.

(Citations omitted.)

■ There are three essential questions which must be answered when evaluating the constitutionality of a legislative classification with minimum scrutiny: *First,* does the

---

[7]*E.g., Diversified Inv. Partnership v. Department of Social & Health Servs.,* 113 Wn.2d 19, 23, 775 P.2d 947 (1989).

[8]*Diversified Inv. Partnership v. Department of Social & Health Servs.,* 113 Wn.2d 19, 23, 775 P.2d 947 (1989). .

[9]113 Wn.2d 59, 79, 776 P.2d 950 (1989).

classification apply alike to all members within the designated class? *Second,* do reasonable grounds exist to support the classification's distinction between those within and those without the class? And *third,* does the challenged classification have some rational relation to the purposes of the challenged statute?[10]

The first inquiry is whether the classification applies alike to all members in the designated class. RCW 19.118-.100(3) applies to all manufacturers as a class, as defined by RCW 19.118.021(7).[11] Those manufacturers who choose to appeal a decision of the new motor vehicle arbitration board and fail to improve their position are subject to continuing damages and attorney's fees. As defined by RCW 19.118.021(4), consumers are not within the same class with manufacturers.[12] Appellant Ford does not dispute this assertion. We answer, then, the first question in the affirmative.

The next inquiry is whether reasonable grounds exist for the classification. Appellant Ford maintains that the distinction between appeals by manufacturers and appeals by consumers from arbitration decisions under RCW 19.118-.100(3) is unreasonable and unconstitutional. Appellant asserts that the Legislature may have treated manufacturer appellants differently because manufacturers have more resources to devote to warranty litigation. Appellant then contends that such differentiation constitutes irrational

---

[10] *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 835-36, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979 (1980).

[11] RCW 19.118.021(7) defines a manufacturer as: "[A]ny person engaged in the business of constructing or assembling new motor vehicles or engaged in the business of importing new motor vehicles into the United States for the purpose of selling or distributing new motor vehicles to new motor vehicle dealers."

[12] RCW 19.118.021(4) defines a consumer as: "[A]ny person who has entered into an agreement or contract for the transfer, lease, or purchase of a new motor vehicle, other than for purposes of resale or sublease, during the duration of the warranty period defined under this section."

discrimination based upon the impermissible consideration of wealth. This argument is without merit.[13]

■■ The Legislature has broad discretion in establishing classifications in social and economic legislation.[14] A classification will be upheld if any state of facts may reasonably be conceived to substantiate it.[15] "Such a rational basis for a legislative decision need not have actually motivated the Legislature's decision."[16]

The Legislature clearly articulated its purpose in enacting the motor vehicle warranties law, the "lemon law," in RCW 19.118.005, which states:

> The legislature recognizes that a new motor vehicle is a major consumer purchase and that a defective motor vehicle is likely to create hardship for, or may cause injury to, the consumer. The legislature further recognizes that good cooperation and communication between a manufacturer and a new motor vehicle dealer will considerably increase the likelihood that a new motor vehicle will be repaired within a reasonable number of attempts.
>
> It is the intent of the legislature to ensure that the consumer is made aware of his or her rights under this chapter and is not refused information, documents, or service that would otherwise obstruct the exercise of his or her rights.
>
> In enacting these comprehensive measures, it is the intent of the legislature to create the proper blend of private and public remedies necessary to enforce this chapter, such that a manufacturer will be sufficiently induced to take necessary steps to improve quality control at the time of production or provide better warranty service for the new motor vehicles that it sells in this state.

The legislative considerations in establishing the classification under the motor vehicle warranties law may be generally summarized as: (1) manufacturers are in a position to

---

[13]Wealth is not an attribute which defines a suspect classification under an equal protection analysis. *San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 36 L. Ed. 2d 16, 93 S. Ct. 1278 (1973).

[14]*Conklin v. Shinpoch,* 107 Wn.2d 410, 417, 730 P.2d 643 (1986).

[15]*Shinpoch,* 107 Wn.2d at 417.

[16]*Haberman v. WPPSS,* 109 Wn.2d 107, 140, 744 P.2d 1032, 750 P.2d 254 (1987), *appeal dismissed,* 488 U.S. 805 (1988).

improve the quality of new motor vehicles they produce and are better able to provide service for them; (2) in the purchase of new motor vehicles, consumers are at risk of injury and must bear the hardship caused by defective motor vehicles; and (3) manufacturers are better informed of their legal rights and are better prepared to enforce them.

Respondent Barrett and Respondent–Intervenor State of Washington both assert that the classification of consumers and manufacturers is rational and justified.

The Legislature in determining its classification in RCW 19.118 sought a proper balance in the relationship between manufacturers and consumers, considering consumers' general lack of economic resources, manufacturers' access to skillful legal counsel, and manufacturers' experience with warranty disputes. Such a legislative effort need not be perfect. It must only be rational on the basis of any conceivable set of facts.[17] Reasonable grounds must exist to support the classification's distinction between those within and those without the class.[18]

The third inquiry is whether the challenged classification has a rational relation to the purposes of the challenged statute. This inquiry focuses upon RCW 19.118.100(3), which allows costs and continuing damages to a consumer who prevails on appeal. Appellant Ford asserts that the provisions of RCW 19.118.100(3) cannot be upheld as rationally related to the purpose of the statute or as furthering a legitimate purpose. Appellant contends that the award of attorney's fees and continuing damages is an overt penalty which discourages not only frivolous appeals, but even meritorious appeals, by manufacturers. Appellant further contends that the statute cannot be justified as encouraging consumers to appeal since the continuing

---

[17]*Conklin v. Shinpoch*, 107 Wn.2d 410, 417, 730 P.2d 643 (1986).

[18]*Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs*, 92 Wn.2d 831, 601 P.2d 936 (1979), *appeal dismissed*, 446 U.S. 979 (1980).

damages and attorney's fees provision does not apply unless the manufacturer seeks de novo review.

Respondent Barrett and Respondent–Intervenor State of Washington assert that the purpose of this provision is to protect the consumer and promote compliance with the arbitration decision by discouraging manufacturers from bringing meritless appeals. Additionally, the respondents state that the Legislature recognized that the purchase of a new car is a major purchase which might create hardship or injury to the consumer.[19] By giving a manufacturer incentive to comply with the arbitration decision or provide free use of a replacement loaner car, respondents assert, the consumer's investment is protected during appeal.

■ Appellant Ford's contention that the statute may discourage all appeals does not effectively demonstrate that the statute is not rationally related to its purpose. Equal protection does not require that legislative efforts be perfect.[20] RCW 19.118.100(3) is reasonably designed to deter manufacturers from appealing cases which have little or no merit. A manufacturer is only required to pay attorney's fees if the consumer prevails on appeal. A manufacturer is required to pay continuing damages when (1) the new motor vehicle arbitration board awards replacement or repurchase to the consumer, (2) the consumer prevails on appeal, and (3) the manufacturer chooses not to comply with the arbitration decision nor to supply the consumer with free use of a replacement loaner car while the appeal is pending.[21] This statutory scheme allows the manufacturer to determine its choice upon the relative merits of each case.

■ Appellant Ford has not successfully demonstrated that RCW 19.118.100(3) is unconstitutional beyond a reasonable doubt. Its contention that the statute violates the

---

[19]*See* RCW 19.118.005.

[20]*Conklin v. Shinpoch*, 107 Wn.2d 410, 417, 730 P.2d 643 (1986).

[21]RCW 19.118.100(3).

equal protection clause of the United States and Washington State Constitutions is therefore without merit.

### STATE PRIVILEGES AND IMMUNITIES CLAUSE

Appellant Ford contends that the attorney's fees and continuing damages provision of RCW 19.118.100(3) violates the privileges and immunities clause of the Washington State Constitution. Ford contends that an analysis of the factors stated in *State v. Gunwall*[22] indicates that an independent state constitutional analysis is appropriate here.

Under *Gunwall*, the six nonexclusive criteria to be used in determining the scope of protection provided by state constitutional provisions include the following:

> (1) the language of the state constitution; (2) significant differences in language between parallel provisions of the federal and state constitutions; (3) constitutional history; (4) preexisting state law; (5) structural differences between the federal and state constitutions; and (6) whether the subject matter is of particular state or local concern.[23]

The proper inquiry under *Gunwall* is not whether state constitutional analysis is necessary, but whether on a given subject the Washington constitutional provision affords greater protection than the minimum protection afforded by the federal constitutional analysis.[24]

Despite textual differences, the Washington constitutional privileges and immunities clause, Const. art. 1, § 12, and the equal protection clause of the Fourteenth Amendment are substantially identical and have been considered by this court as the same.[25] However, in *Sofie v. Fibreboard*

---

[22]106 Wn.2d 54, 61–62, 720 P.2d 808, 76 A.L.R.4th 517 (1986).

[23]*State v. Reece*, 110 Wn.2d 766, 777, 757 P.2d 947 (1988).

[24]*Reece*, 110 Wn.2d at 779.

[25]*Texas Co. v. Cohn*, 8 Wn.2d 360, 374, 112 P.2d 522 (1941). *Accord, Olsen v. Delmore*, 48 Wn.2d 545, 550, 295 P.2d 324 (1956); *Equitable Shipyards, Inc. v. State*, 93 Wn.2d 465, 476, 611 P.2d 396 (1980). *Accord, American Network, Inc. v. Utilities & Transp. Comm'n*, 113 Wn.2d 59, 776 P.2d 950 (1989).

*Corp.*,[26] the court noted that, "[w]e have followed this approach because a separate analysis focusing on the language and history of our state constitution has not been urged." The court resolved *Sofie* on other grounds, reserving an independent state constitutional analysis of Washington's privileges and immunities clause for another case.

Under the facts of this case, there is insufficient basis for concluding that greater protection is afforded under our state constitution than under the federal constitution. Even if we were to adopt the state analytical framework proposed by Ford, we would reach the same result because automobile manufacturers do not comprise a suspect class subject to "invidious" discrimination. Appellant Ford's argument on this issue is not persuasive. Thus, we again reserve any independent analysis of our state's privileges and immunities clause for another case.

### DUE PROCESS CLAUSE

Appellant Ford contends that although the statute "ostensibly grants the right of appeal to manufacturers and consumers alike, the penalty provisions combine to impose such a burden on the manufacturer's right of judicial review that the statute effectively abolishes the right."

■■■ Due process does not, however, guarantee a right to appeal.[27] Nonetheless, "having made access to the courts an entitlement or a necessity, the State may not deprive someone of that access unless the balance of state and private interests favors the government scheme."[28]

The State's interest in RCW 19.118.100(3) as indicated by RCW 19.118.005 outweighs any deterrent effect upon manufacturers.

---

[26]112 Wn.2d 636, 640, 771 P.2d 711, 780 P.2d 260 (1989).

[27]*Ortwein v. Schwab*, 410 U.S. 656, 659, 35 L. Ed. 2d 572, 93 S. Ct. 1172 (1972).

[28]*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 n.5, 71 L. Ed. 2d 265, 102 S. Ct. 1148 (1982).

Appellant Ford argues that the scheme in RCW 19.118-.100(3) effectively requires a manufacturer to provide a remedy prior to appeal in order to avoid continuing damages.

▇ Appellant Ford challenges the award of $25 per day continuing damages without proof of the consumer's actual damages. In *Overnight Motor Transp. Co. v. Missel*,[29] the court upheld liquidated damages where damages are difficult to calculate and damages are not imposed as a penalty. The Legislature may make rules concerning the type of damages recoverable and the manner in which damages are paid.[30]

Appellant Ford has not established that RCW 19.118-.100(3) violates due process by restricting the right to appeal.

We conclude (1) that RCW 19.118.100(3) does not violate the equal protection guaranties of the United States and Washington State Constitutions; (2) that a separate analysis of the privileges and immunities provision of the Washington State Constitution is not warranted in this case; and (3) that RCW 19.118.100(3) does not violate the due process clauses of the United States and Washington State Constitutions.

We affirm the decision of the Superior Court in upholding the new motor vehicle arbitration board's decision and granting Respondent Barrett continuing damages and attorney's fees.

CALLOW, C.J., and BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, and GUY, JJ., concur.

UTTER, J. (concurring)—I concur in the reasoning of the majority opinion. In addition, I agree with the position taken by the majority regarding the application of Const.

---

[29]316 U.S. 572, 86 L. Ed. 1682, 62 S. Ct. 1216 (1942).

[30]*Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 657, 771 P.2d 711, 780 P.2d 260 (1989).

art. 1, § 12, because the argument presented to our court was not presented in the same degree to the trial court. Trial courts should have the same opportunity as this court to make fully informed rulings on state constitutional law issues. To present the trial court a less detailed argument than we receive deprives them of that opportunity.