[No. 20905-5-II. Division Two. March 22, 1999.]

TAMMY BAKER, ET AL., *Appellants*, v. TRI-MOUNTAIN RESOURCES, INC., ET AL., *Respondents*.

850

*Allen T. Miller, Jr.*, of *Connolly, Holm, Tacon & Meserve*, for appellants.

*Patrick D. Brown*; *Jeremy Randolph, Prosecuting Attorney*, and *Douglas E. Jensen, Deputy*; *Janet E. Garrow* of *Cairncross & Hempelmann, P.S.*; and *Mark C. Scheibmeir* of *Hillier & Scheibmeir, P.S.*, for respondents.

ARMSTRONG, A.C.J. — Tammy Baker and Virginia Breen (Baker) opposed Tri-Mountain's proposed development on 12 acres of floodplain in Lewis County. Baker lost before the county commissioners, before the superior court and finally before this court. We awarded reasonable attorney's

fees to Tri-Mountain, the Jorgensens, and Lewis County under RCW 4.84.370. Pursuant to our decision, a commissioner of this court awarded fees and costs of $6,690 to Lewis County and $29,950 to Tri-Mountain. The commissioner then remanded under RAP 7.2(d)[1] to the trial court to award fees incurred at that level. Baker moved to modify the commissioner's order and we granted the motion. Baker contends that RCW 4.84.370 authorizes fees incurred at the appellate court level only; Baker also challenges the amounts of the awards. We hold that RCW 4.84.370 allows an award of fees incurred at the appellate court level only; we also reduce the award of fees to Tri-Mountain to $11,210 and the award to Lewis County to $3,960.

RCW 4.84.370 provides:

(1) Notwithstanding any other provisions of this chapter, *reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court* of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat conditional use, variance, shoreline permit, building permit, site plan or similar land use approval or decision. The court shall award and determine the amount of reasonable attorneys' fees and costs under this section if:

(a) The prevailing party on appeal was the prevailing or substantially prevailing party before the county, city, or town, or in a decision involving a substantial development permit under chapter 90.58 RCW, the prevailing party on appeal was the prevailing party or the substantially prevailing party before the shorelines[s] hearings board; and

(b) The prevailing party on appeal was the prevailing party or substantially prevailing party in all prior judicial proceedings.

(2) In addition to the prevailing party under subsection (1)

---

[1] RAP 7.2(d) permits the Court of Appeals to remand a case to the trial court for an award of fees "in any . . . action in which applicable law gives the trial court authority to do so."

of this section, the county, city, or town whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal.

(Emphasis added.)

The statute allows reasonable attorney's fees to a party who prevails or substantially prevails at the local government level, the superior court, and before the Court of Appeals or the Supreme Court. The question is whether the italicized language allows fees incurred at the appellate court level only or also fees incurred before the trial court. Tri-Mountain argues that the phrase "on appeal before the court of appeals" modifies only the preceding phrase "the prevailing party or substantially prevailing party." Thus, according to Tri-Mountain, the phrase "reasonable attorneys' fees" is unmodified and refers back to fees incurred by the prevailing party at all levels. Baker argues that the phrase "on appeal before the court of appeals" modifies the fees and costs phrase and, thus, limits the fees to those incurred "before the court of appeals."

We find the statute ambiguous. If the phrase "on appeal before the court of appeals" modifies and defines only the prevailing party, the statute is redundant. "Prevailing party" is defined in both sections (1)(a) and (1)(b). And these definitions are made without reference to costs and attorney's fees. But the statute does not elsewhere define costs and attorney's fees. Thus, if the phrase "on appeal before the court of appeals" does not modify fees and costs, the statute nowhere tells us what the Legislature intended as to the scope of fees and costs to be awarded. It is unlikely that the Legislature intended to define "prevailing party" three times in the statute and yet provide no definition at all of what fees and costs are authorized by the statute. We conclude that the statute does not clearly state that fees and costs may be awarded for work done at the trial court or a lower level.

■ Where a statute is ambiguous, we look to the legislative history for legislative intent. *State v. Bourne*, 90 Wn.

App. 963, 969-70, 954 P.2d 366 (1998) (citing *Bellevue Fire Fighters Local 1604 v. City of Bellevue*, 100 Wn.2d 748, 751, 675 P.2d 592 (1984)).

The legislative history suggests that the Legislature intended the statute to allow attorney's fees for work only at the appellate level. While Baker cites to a Senate Bill Report and a Fiscal Note that support her position (discussed below), even more persuasive is the history of the bill as it moved through the Legislature.

RCW 4.84.370 was passed in 1995 as part of Engrossed Substitute House Bill (ESHB) No. 1724. This bill underwent several rewrites as it moved through the House and Senate. The bill was proposed in the House, and the initial version that was sent to the Senate stated, in relevant part:

> New Section: **Sec. 315** A new section is added to chapter 4.84 RCW to read as follows:
>
> Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before *the superior court*, court of appeals, or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision.

1 HOUSE JOURNAL, 54th Leg., Reg. Sess., at 1361 (1995) (emphasis added).

The Senate modified this section by removing "superior court" following "reasonable attorneys' fees shall be awarded . . . on appeal before the . . ." This suggests that the Legislature did not intend for fees to be awarded for litigation at that level.[2]

■ ■ And both the Senate Bill Report and the Fiscal Note support Baker's interpretation of the statute. Wash-

---

[2]The superior court serves as an appellate court reviewing administrative decisions of the city or of a hearing examiner under LUPA (RCW 36.70C).

ington courts have looked to legislative bill reports to interpret ambiguous statutes and determine the Legislature's intent. *Young v. Estate of Snell*, 134 Wn.2d 267, 280, 948 P.2d 1291 (1997) (" 'In the past, this court has looked to legislative bill reports and analyses to discern the Legislature's intent.' ") (quoting *State v. Redding*, 119 Wn.2d 685, 690, 835 P.2d 1019 (1992)).[3]

The Senate Bill Report compares the Substitute House Bill with a "striking amendment" proposed (and eventually adopted) in the senate.[4] In discussing the amendments, the Bill Report states:

> In the striking amendment, attorney's fees are not available to the parties at the trial court level, but instead are limited to prevailing parties on appeal who also prevailed at the trial court and local government level.

SENATE BILL REPORT ESHB 1724, at 5 (1995). Substantially the same language and analysis is contained in Fiscal Note for ESHB 1724 from the Department of Community, Trade, and Economic Development (Apr. 12, 1995).

■ Thus, the legislative history supports Baker's position. We hold that the statute allows an award of those attorney's fees and costs incurred before the Court of Appeals or Supreme Court only.

After a careful review of the affidavits submitted in support of attorney's fees and costs, we award fees and cost to Tri-Mountain in the amount of $11,210 and fees and costs to Lewis County of $3,960.

---

[3] At least three Washington cases have cited to Fiscal Notes: *Macias v. Department of Labor & Indus.*, 100 Wn.2d 263, 265, 668 P.2d 1278 (1983); *City of Ellensburg v. State*, 118 Wn.2d 709, 826 P.2d 1081 (1992); and *Tallerday v. Delong*, 68 Wn. App. 351, 359, 842 P.2d 1023 (1993). *Macias* merely referenced the Fiscal Note to make the point that a state agency was aware of a certain procedure. Both *Tallerday* and *Ellensburg* cited Fiscal Notes to buttress conclusions that the court reached on other grounds.

[4] A "striking amendment" is one that strikes portions of a bill and replaces them with amended sections.

MORGAN and SEINFELD, JJ., concur.