[No. 22906-4-II.   Division Two.   March 26, 1999.]

GIG HARBOR MARINA, INC., ET AL., *Appellants*, v. THE CITY OF GIG HARBOR, *Respondent*.

*Richard M. Stephens* and *John M. Groen* of *Groen & Stephens, L.L.P.,* for appellants.

*Carol A. Morris* of *Kenyon Law Firm;* and *Howard F. Jensen* of *Ogden Murphy Wallace, P.L.L.C.,* for respondent.

*Robin L. Rivett, Anne M. Hawkins,* and *Benjamin J. Gantt, Jr.,* on behalf of Pacific Legal Foundation, amicus curiae.

*Jeffrey M. Eustis* on behalf of Washington Environmental Council, amicus curiae.

ARMSTRONG, J. — The City of Gig Harbor denied the Stearnses' proposed development of property. The Stearnses appealed to the superior court and joined a 42 U.S.C. § 1983 claim alleging the City violated their civil rights. The superior court affirmed the City's denial of the development, dismissed the § 1983 action and, finding the § 1983 action frivolous, awarded attorney's fees to the City. The Stearnses filed this appeal and the City now seeks attorney's fees under RCW 4.84.370, which allows attorney's fees in land use cases to petitioners who have substantially prevailed in front of the local government, the trial court, and the appellate court. The Stearnses contend that RCW 4.84.370 violates equal protection, due process, free speech, and the right to redress grievances. The Stearnses also challenge the dismissal of their 42 U.S.C. § 1983 claim and the trial court's finding that such claim was frivolous. Finally, the Stearnses contend that Gig Harbor misapplied its own ordinances concerning parking space requirements, permitted usage, and height requirements. We hold the statute constitutional as applied here. But we reverse the award of attorney's fees based upon bringing a frivolous action. Otherwise, we affirm the trial court.

## FACTS

Stanley and Judy Stearns own four and one-half lots in the City of Gig Harbor on which they operate a marina, Gig Harbor Marina, Inc., known as Arabella's Landing. These lots, zoned "Waterfront Millville," are currently developed with a marina service building, a duplex, and a single-family residence.

The Stearnses proposed to develop the site further with

an office-retail building, a yacht club, and an open plaza. The Stearnses applied for site plan approval and for a conditional-use permit, which was required to develop the yacht club. The hearing examiner denied site plan approval because of inadequate on-site parking, but granted a conditional-use permit on condition the Stearnses provide additional parking. The Stearnses contested the City's method of calculating the parking, arguing that the City was misinterpreting its code. Under the Stearnses' interpretation of the code, the site had adequate parking.

The Gig Harbor City Council affirmed the site plan denial because of the parking inadequacy. In addition, the council found "the site plan is not consistent with the City's comprehensive plan," the proposed use was not "medium usage," and the proposed building did not comply with height restrictions in the Waterfront Millville zone. The city council reversed the grant of the conditional-use permit, finding that such a permit could not be granted if the site had inadequate parking.

The Stearnses filed a Land Use Petition in Pierce County Superior Court under the Land Use Petition Act (LUPA), RCW 36.70C. In July 1996, the trial court affirmed Gig Harbor's land use decisions and dismissed the Stearnses' petition.

Seven days after the petition was dismissed, the City filed a "Motion for Calculation of Attorneys' Fees Under RCW 4.84.370." The City asked the court to *"calculate* the amount of attorneys' fees that the City would be entitled to under RCW 4.84.370,[1] in the event this action is appealed and the City prevails on appeal." The City further stated

---

[1]RCW 4.84.370 provides:

**Appeal of land use decisions—Fees and costs.** (1) Notwithstanding any other provisions of this chapter, reasonable attorneys' fees and costs shall be awarded to the prevailing party or substantially prevailing party on appeal before the court of appeals or the supreme court of a decision by a county, city, or town to issue, condition, or deny a development permit involving a site-specific rezone, zoning, plat, conditional use, variance, shoreline permit, building permit, site plan, or similar land use approval or decision. The court shall award and determine the amount of reasonable attorneys' fees and costs under this section if:

that "a ruling at this time would simplify the issues on appeal and clarify the financial risks facing each party." The City accompanied this motion with two affidavits of counsel justifying $11,712 in attorney's fees.

After the Stearnses opposed the motion, the City withdrew it. The Stearnses then moved to amend their petition to add § 1983 claims; they alleged that the City had used the "motion to calculate attorney's fees under RCW 4.84.370" as a threat to deter the Stearnses' appeal of the Land Use Petition. The Stearnses contended that the statute was unconstitutional and that their proposed amendment sought a declaration of the rights and duties of the parties. The trial court allowed the amendment.

The Stearnses moved for summary judgment, and the City countered with a "Motion to Dismiss Damage Claims Under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 With Prejudice." The trial court denied the Stearnses' motion for summary judgment, granted the City's motion to dismiss, and found that the § 1983 claims were frivolous. The City subsequently moved for attorney's fees under 42 U.S.C. § 1988, RCW 4.84.185, and CR 11; the trial court awarded $5,773.80 in fees against the Stearnses and their attorneys.

## ANALYSIS

■ The City first contends that the constitutional issues are not ripe because no attorney's fees have been assessed against the Stearnses under RCW 4.84.370. The argument

(a) The prevailing party on appeal was the prevailing or substantially prevailing party before the county, city, or town, or in a decision involving a substantial development permit under chapter 90.58 RCW, the prevailing party on appeal was the prevailing party or the substantially prevailing party before the shoreline(s) hearings board; and

(b) The prevailing party on appeal was the prevailing party or substantially prevailing party in all prior judicial proceedings.

(2) In addition to the prevailing party under subsection (1) of this section, the county, city, or town whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal.

lacks merit. In both actions[2] pending before this court involving the Stearnses and the City, the City has requested attorney's fees on appeal on the basis of RCW 4.84.370. This raises the question of whether the statute is constitutional.

## A. Is RCW 4.84.370 Constitutional?

The Stearnses' constitutional challenges to the statute rest upon two propositions: (1) the burden created by the statute is not carried equally by all litigants in land use cases, but only by those who challenge a local government's land use decision; and (2) while not absolutely denying the right to appeal, the statute chills the exercise of such right.

### 1. Equal Protection

a. *Standard of Review*

■■■■ The legislative classification here defines a party's liability for the attorneys' fees and costs of the opposing party on appeal of a local land use decision. A party who prevails or substantially prevails is entitled to fees and costs, and the statute defines the concept of "prevailing party." Assuming the statute creates a classification that treats members of the same class differently, such classification "neither involves suspect criteria (race, religion, national origin, alienage, gender) nor affects fundamental interests ([e.g.], free speech, privacy, voting rights), [and] the court will engage in only minimum scrutiny of the enactments[.]" *American Network, Inc. v. Utilities & Transp. Comm'n*, 113 Wn.2d 59, 77-78, 776 P.2d 950 (1989) (citation omitted) (footnote omitted). Statutes that regulate business and economic activities "carry a strong presumption of constitutionality." *American Network*, 113 Wn.2d at 78. And we will uphold such statutes if the classification created bears any rational relation to a legitimate state interest. *Seeley v. State*, 132 Wn.2d 776, 795, 940 P.2d 604 (1997). Stated slightly differently, such a classification will

---

[2]The other action filed in this court is *Stearns v. City of Gig Harbor*, No. 22912-9-II (Wash. Ct. App. Mar. 26, 1999).

be upheld " 'unless it rests on grounds wholly irrelevant to the achievement of legitimate state objectives.' " *State v. Coria*, 120 Wn.2d 156, 171, 839 P.2d 890 (1992) (quoting *Omega Nat'l Ins. Co. v. Marquardt*, 115 Wn.2d 416, 431, 799 P.2d 235 (1990)).

b. *Burden of Proof*

■ ■ The party challenging the constitutionality of a statute bears the burden of proving it is unconstitutional beyond a reasonable doubt. *Ford Motor Co. v. Barrett*, 115 Wn.2d 556, 563, 800 P.2d 367 (1990). The Stearnses thus bear the burden of proving all the elements of an equal protection violation. Initially, the Stearnses must show that the statute fails to afford like treatment to "persons similarly situated with respect to a legitimate purpose of the law . . . ." *Coria*, 120 Wn.2d at 169 (citing *State v. Schaaf*, 109 Wn.2d 1, 17, 743 P.2d 240 (1987)). Next, if the Stearnses can show such disparate treatment, they must demonstrate that the difference lacks any rational basis and is " 'purely arbitrary.' " *Coria*, 120 Wn.2d at 172 (quoting *Omega Nat'l Ins.*, 115 Wn.2d at 431).

c. *Does the Statute Benefit Only One Class of Litigants, i.e., Local Government?*

The statute is neutral on its face, i.e., it does not say that only local governments can recover fees on appeal. But not all facially neutral statutes are neutral in their application; some legislation denies equal protection by the manner in which it is applied. *See* 2 RONALD D. ROTUNDA, TREATISE ON CONSTITUTIONAL LAW: SUBSTANCE AND PROCEDURE § 18.4, at 344 (1986). Examples of "as-applied" challenges are *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977) (challenge to a facially neutral zoning decision), and *Washington v. Davis*, 426 U.S. 229, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976) (challenge to facially neutral police screening exam).

Stearnses contend that not all parties who appeal land use decisions are afforded like treatment under the statute. The Stearnses argue that because the government is both decision-maker and party at the local level, it will never ap-

peal its own land use decision, and so the government will never be the losing party at the first level. Thus, the Stearnses conclude, the government will never be assessed fees and costs under the statute because it will never lose at all levels.

But the Stearnses' argument rests upon an assumption not demonstrated by this record: that even assuming the City will never appeal its own decision, it is necessarily the prevailing or substantially prevailing party at the local level. The City poses an illustrative hypothetical. Suppose a city hearings examiner approves a proposed development, attaching three or more conditions. The developer appeals to the city council, which strikes all but one of the conditions; unless the stricken conditions were minor, the developer would have substantially prevailed in proceedings before the City. Then suppose the developer appeals the remaining condition to superior court, which strikes it; the developer would be the prevailing party in that judicial proceeding as well. Finally, suppose the City appeals the superior court's decision to the Court of Appeals, which affirms the trial court. The developer would be the substantially prevailing or prevailing party before the appellate court, the trial court, and the City and thus, the developer, not the City, would be entitled to attorneys' fees and costs under the statute.

This construction is supported by paragraph (2) of the statute, which provides: "In addition to the prevailing party under subsection (1) of this section, the county, city, or town whose decision is on appeal is considered a prevailing party if its decision is upheld at superior court and on appeal." RCW 4.84.370(2).

Under the hypothetical, a developer who improved his or her position from the hearing examiner to the city council, but then failed to improve through the superior court and appellate court could argue under subsection (1) that the City is not entitled to fees because the developer prevailed at the city level. But subsection (2) makes clear that under these circumstances, the City is entitled to fees. A neces-

sary corollary is that a developer who improves its position from the hearing examiner to the city council can in some situations be considered to have prevailed or substantially prevailed. If the City were always the prevailing party at the council level, subsection (2) would not be necessary.

■ We conclude that the Stearnses have failed to carry their burden of showing that the statute, as applied, discriminates against land use applicants. Therefore, we need not engage in further equal protection analysis.

2. Due Process/First Amendment Right to Petition

■ The First Amendment includes the right to petition the government for redress of grievances. The Stearnses argue correctly that this right includes meaningful access to the courts. *In re Primus*, 436 U.S. 412, 426, 98 S. Ct. 1893, 56 L. Ed. 2d 417 (1978); *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S. Ct. 609, 30 L. Ed. 2d 642 (1972). Then the Stearnses argue that, because RCW 4.84.370 permits an award of attorney's fees to the government as prevailing party in a land use case but not to an applicant, the statute denies due process of law to applicants and impermissibly "chills" their First Amendment rights. As discussed above, this argument assumes a false premise—that an applicant can never qualify for attorneys' fees as a prevailing party.

In any event, the statute does not keep an applicant from obtaining meaningful judicial review of a land use decision. The Stearnses went to superior court to challenge the City's denial of their development permit. And not all superior court decisions entitle the losing party to higher judicial review. For instance, the Rules of Appellate Procedure allow discretionary review of superior court decisions only in cases originating in the courts of limited jurisdiction. RAP 2.3(d). *See City of Seattle v. Hesler*, 98 Wn.2d 73, 653 P.2d 631 (1982). Likewise, in most cases, review by the Supreme Court is only at that court's discretion. RAP 4.2.

Other statutes and court rules also permit an award of attorney's fees and costs against a party who pursues an

appeal beyond a certain level. *See, e.g.*, MAR 7.3 (party who appeals arbitration award and fails to improve position is liable for reasonable attorney's fees); RAP 18.9(a) (sanctions for frivolous appeal); RCW 10.73.160 (appellate costs, including fee for court-appointed counsel, assessed against adult or juvenile criminal who does not prevail on appeal).

And due process does not guarantee the right to appeal. *Ford Motor*, 115 Wn.2d at 562. Rather, the State may impose a risk of attorney's fees beyond a certain level in the judicial process where " 'the balance of state and private interests favors the government scheme.' " *Ford Motor*, 115 Wn.2d at 569 (citation omitted). Here, the Legislature has determined that to discourage meritless appeals, a party appealing a land use decision beyond the superior court risks paying an opponent's fees. Given the strong presumption of constitutionality where a statute regulating economic matters is challenged on equal protection or due process grounds, we hold that the balance here favors the government scheme. RCW 4.84.370 does not unconstitutionally deny access to the courts.

3. <u>Separation of Powers</u>

■■ ■■ The gist of this argument is that by enacting this attorneys' fee statute, the Legislature has burdened and frustrated the judiciary's power of judicial review because only those who can afford the other side's attorney's fees will appeal local land use decisions. This ignores the long-standing rule in this state that a party can recover attorney's fees only when authorized by *statute*, contract, or recognized ground in equity. And the Legislature has enacted many statutes that authorize the recovery of attorneys' fees. This is a common legislative function, not the province of the courts.

Moreover, the Stearnses have not demonstrated how the statute affects the powers of the court. While the statute may "chill" some cases in which the courts might overturn the actions of local government, the Stearnses have not cited a single case as to how this interferes with the powers

of the judiciary. In those cases that reach the court, the court's powers are unchanged.

## B. Conflict with 42 U.S.C. § 1983 and 42 U.S.C. § 1988

The Stearnses contend that RCW 4.84.370 conflicts with, and is thus preempted by, 42 U.S.C. § 1983 and § 1988. These latter statutes provide a cause of action for the violation of federal constitutional and statutory rights, and for attorney's fees to the prevailing party. Because civil rights claims often accompany, or are part of, land use petitions, the Stearnses contend that the statutes conflict.

■ "Preemption may occur if (1) Congress passes a statute that expressly preempts state law, (2) Congress occupies the entire field of regulations, or (3) state law conflicts with federal law, making compliance with both an impossibility or state law presents an obstacle to the accomplishment of a federal purpose." *Stevedoring Servs. of Am. v. Eggert*, 129 Wn.2d 17, 23, 914 P.2d 737 (1996). The Stearnses have not claimed that § 1983 or § 1988 expressly preempts RCW 4.84.370, or that Congress occupied the entire field of land use law. Rather, the Stearnses' claim that RCW 4.84.370 presents an obstacle to the accomplishment of a federal purpose.[3]

■ ■ The Stearnses cite *Felder v. Casey*, 487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123, (1988), in which the United States Supreme Court invalidated a statute requiring litigants to file a claim against a local government before litigating any claim against the government, including § 1983 claims. Litigants who did not file such a claim in the proscribed time period were barred from filing suit. *Felder* is distinguishable. There, the statute barred the claim. Here, the statute does not bar an appeal past the superior court; it imposes fees only on an appellant who is unsuccessful for the third time.

---

[3]Section 1983 and § 1988 will never apply in the same case as RCW 4.84.370 because by definition the government would have to lose litigation to be susceptible to attorney's fees under § 1988, while the government must win litigation to receive attorney's fees under RCW 4.84.370.

The Stearnses contend that the "chilling effect" of RCW 4.84.370 will deter people from bringing the takings claims[4] that accompany land use petitions. This potential "chilling effect" was of concern to the United States Supreme Court when it limited the attorney's fees defendants could recover under § 1983 and § 1988 to those suits where the plaintiff's claims were "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978)).

The Court held that:

> "To take the further step of assessing attorneys fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII."

*Hughes*, 449 U.S. at 14-15 (quoting *Christiansburg Garment*, 434 U.S. at 422).[5]

But a land use applicant is not required to join any potential § 1983 and § 1988 claims with a petition to review a governmental land use decision. Such claims may be brought in a separate action not subject to the fees provision of RCW 4.84.370. Further, even if the claims are joined, RCW 4.84.370 authorizes an award of fees on appeal only of a governmental "land use approval or decision." Thus, where a land use petition is joined with § 1983 or § 1988 claims, attorney's fees can be awarded under RCW 4.84.370 only for the land use portion of the action.

In conclusion, the Stearnses have failed to show that RCW 4.84.370 is unconstitutional as applied. The City is

---

[4]A takings claim is a claim that the government has taken private property for public use without paying just compensation. U.S CONST., amend. V.

[5]While *Christianburg* dealt with Title VII of the Civil Rights Act of 1964, the case citing it, *Hughes v. Rowe*, adopted the same standard for § 1983 and § 1988, expressing identical concerns. *Hughes v. Rowe*, 449 U.S. 5, 14-15, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980).

entitled to reasonable attorney's fees incurred after the appeal from the superior court.[6]

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

BRIDGEWATER, C.J., and HUNT, J., concur.

Review denied at 138 Wn.2d 1016 (1999).

---

[6]We have recently held that RCW 4.84.370 provides only for an award of attorneys' fees incurred before the Court of Appeals or the Supreme Court. *Baker v. Tri Mountain*, 94 Wn. App. 849, 973 P.2d 1078 (1999).