[No. 41967.    En Banc.    November 9, 1972.]

COMMONWEALTH TITLE INSURANCE Co., *Respondent*, v. THE CITY OF TACOMA, *Appellant.*

*Robert R. Hamilton, F. H. Chapin, Jr.,* and *John R. Kramer,* for appellant.

*Gordon, Thomas, Honeywell, Malanca, Peterson, O'Hern & Johnson* and *James E. O'Hern,* for respondent.

FINLEY, J.—This is an action in which the plaintiff, Commonwealth Title Insurance Company, seeks (1) a declaratory judgment that a business and occupation tax imposed by an ordinance of the City of Tacoma is unconstitutional as applied to Commonwealth and other title insurance companies, and (2) a refund of business and occupation taxes paid to Tacoma pursuant to the ordinance. The trial court granted the plaintiff's motion for summary judgment, concluding that the City of Tacoma could not legally classify a title insurance and escrow company as a retail business for the purpose of the city sales and use tax and as a service or other type of business for the purpose of the city business and occupation tax. The City of Tacoma has appealed from this decision.

The dispute arises out of a complex and interlocking series of business and occupation and retail sales tax enactments of the State of Washington and the City of Tacoma.

The specific tax classifications which the plaintiff successfully challenged in the lower court are contained in the taxing ordinances of the City of Tacoma. Section 6.86.010 of the Tacoma Municipal Code provides for the imposition of a city sales tax as follows:

The Council of the City of Tacoma, Washington, being the legislative and governing body of said city, does hereby impose a sales or use tax, as the case may be, upon every taxable event, as defined in section 3, chapter 94, Laws of 1970, First Extraordinary Session, occurring within the city of Tacoma. The tax shall be imposed upon and collected from those persons from whom the state sales or use tax is collected pursuant to chapters 82.08 and 82.12 RCW.

That the applicability of the tax and the classification of businesses thereunder is to be the same for this city sales tax as for the state sales and use tax is made abundantly clear by both the above-quoted ordinance and by RCW 82.14.030, 82.14.050, and 82.14.070. Therefore, the first question is how title insurance companies *are treated by state law* in regard to imposition upon them of the *state* sales and use tax. The answer to this question is found in RCW 82.04.050, wherein the state legislature provided:

The term "sale at retail" or "retail sale" shall include the sale of or charge made for . . . (b) abstract, title insurance and escrow business; . . .

While RCW 82.04.050 is located in the section of the code dealing with the state business and occupation tax, its definitions of retail sales are made applicable to the state sales and use tax by operation of RCW 82.08.010(4). Since this definition is in turn made applicable to Tacoma's sales tax by section 6.86.010 of the Tacoma Municipal Code, *supra*, and by RCW 82.14.030, the City of Tacoma has acted correctly in classifying title insurance companies as engaging in retail sales for the purposes of its city sales and use tax.

The dispute in the instant case arises from the fact that the City of Tacoma has placed these businesses in the "service or other" category for purposes of its business and occupation tax. As a result, they pay a higher rate of business and occupation tax than if they were classified as retail businesses. Plaintiff successfully contended in the lower court that this "service or other" classification is invalid for two reasons; first, it is inconsistent with the state's treatment of title insurance companies for purposes

of the state business and occupation tax; and, second, it conflicts with the "retail" classification of title insurance companies under the Tacoma city sales tax, thereby denying to these businesses equal protection of the laws in violation of the United States and Washington State Constitutions.

First we will consider the effect of the state's definition. Appellant City of Tacoma contends that the state's denomination of the activities of title insurance companies as retail sales for the purposes of the state business and occupation tax in RCW 82.04.050 is not binding on the City of Tacoma in its classification of these activities for purposes of its business and occupation tax. We agree. In general, a city or municipality may define its taxation categories as it sees fit unless it is restrained by a constitutional provision or legislative enactment. See *Winkenwerder v. Yakima*, 52 Wn.2d 617, 328 P.2d 873 (1958). In the case of the business and occupation tax there is no such restraining provision. We believe that if the legislature had intended to make its business and occupation tax definitions binding on the cities of this state it would have done so specifically, as it did in RCW 82.14.030, 82.14.050, and 82.14.070 when it authorized the imposition of city *sales* taxes. Furthermore, we are convinced that reasons for the legislature's requiring consistency in one case are not necessarily applicable in the other. Among other things, it seems obvious that the burden imposed on a business by the necessity of transmitting and collecting a sales tax is considerable; and the burdens that could be involved in collecting and transmitting two inconsistent sales taxes would be repetitive and excessive. On the other hand, the payment of a business and occupation tax is a less onerous requirement; the burden of collecting the tax is not imposed on the taxpayer. There is, therefore, little to be lost and much to be gained in allowing cities to tailor their business and occupation taxes to the exigencies of their particular situations. We believe that our legislature has given them this right, and that the classification of title insurance companies as retail

sellers under RCW 82.04.050 does not restrict cities in the enactment of their business and occupation taxes.

We turn now to the issue of the constitutionality of the two definitions established by the City of Tacoma. As noted above, the treatment of title insurance companies as retail sellers for purposes of the sales and use tax is valid. Such treatment is mandated by RCW 82.14.030, 82.14.050, and 82.14.070, and the plaintiff, Commonwealth Title Insurance Company, does not dispute its validity.

What is questioned in this lawsuit is the seeming inconsistency of the two definitions. The trial court found that they were unconstitutionally inconsistent. On appeal, appellant, the City of Tacoma, contends that the different classifications for the purposes of the two taxes are *not* violative of equal protection and due process of law. We agree.

■ To begin with, we note that a statute or ordinance is presumed to be constitutional and valid. *See State v. Primeau,* 70 Wn.2d 109, 422 P.2d 302 (1966); *Reesman v. State,* 74 Wn.2d 646, 445 P.2d 1004 (1968); *Overlake Homes, Inc. v. Seattle-First Nat'l Bank,* 57 Wn.2d 881, 360 P.2d 570 (1961). In *O'Connell v. Conte,* 76 Wn.2d 280, 283, 456 P.2d 317 (1969), we said:

> It is the established rule of law in this state that an enactment is presumptively valid, and the burden is upon the challenger to prove that the questioned classification does not rest upon a reasonable basis.

■ Furthermore, the legislative power is particularly broad in the area of taxation. It is inherent in the exercise of the power to tax that a state be free to select the objects or subjects of taxation and to grant exemptions. Neither due process nor equal protection imposes upon a state any rigid rule of equality of taxation. *Carmichael v. Southern Coal & Coke Co.,* 301 U.S. 495, 81 L. Ed. 1245, 57 S. Ct. 868, 109 A.L.R. 1327 (1937). Questions of classification for purposes of taxation are largely legislative and courts will interfere only where there is no reasonable justification for distinctions or differences in classification. *Wittenberg v.*

*Mutton,* 203 Ore. 438, 280 P.2d 359 (1955); *Safeway Stores v. Portland,* 149 Ore. 581, 42 P.2d 162 (1935); *see White v. State,* 49 Wn.2d 716, 306 P.2d 230 (1957). We do not say that inconsistent taxation definitions can never be challenged. We merely conclude that a taxing authority may legitimately tax a business as a retail business for purposes of the sales and use tax, and as a business other than retail for purposes of the business and occupation tax.

It can be noted that the incidence of the two taxes is different. The burden of the business and occupation tax falls on the business itself while the sales tax is normally paid by the customer and merely collected by the business. Furthermore, the very nature of the taxes is sufficiently different to obviate the need for consistency of definition. The sales tax focuses on the nature of the transaction; *is the transaction a retail sale?* The business and occupation tax, on the other hand, focuses on the nature of the business; *is the business a service business?* These are different questions. They can have different answers without violating the constitutions of the United States or the State of Washington.

The judgment of the trial court should be reversed. It is so ordered.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, NEILL, and STAFFORD, JJ., and RYAN, J. Pro Tem., concur.