[No. 67721-2. En Banc.]

Argued October 28, 1999.     Decided December 2, 1999.

ENTERPRISE LEASING, INC., *Petitioner*, v. THE CITY OF TACOMA, FINANCE DEPARTMENT, *Respondent*.

*Davis Wright Tremaine*, by *D. Bruce Lamka* and *Garry G. Fujita*, for petitioner.

*Robin Jenkinson, City Attorney*, and *Harding Thomas Roe, Assistant*, for respondent.

*Lane Powell Spears Lubersky L.L.P.*, by *George Carl Mastrodonato*, on behalf of the Association of Washington Businesses and Car and Truck Renting & Leasing Association, amicus curiae.

*Steven L. Gross* and *Daniel Brian Heid*, on behalf of Washington State Association of Municipal Attorneys, amicus curiae.

SMITH, J. — Petitioner Enterprise Leasing, Inc., a Washington corporation, seeks review of a decision of the Court of Appeals, Division Two, which reversed an order of summary judgment by the Pierce County Superior Court in favor of Petitioner. The Court of Appeals concluded that RCW 35.21.710 permits Respondent City of Tacoma to classify Petitioner's automobile rental activity as a "service" and not as a "retail sale" for local Business and Occupation taxes either because a "grandfather" clause[1] of RCW

---

[1]Although the term "grandfather clause" does not appear in the statute, both the Court of Appeals and Respondent use it when referring to the following language in RCW 35.21.710: ". . . *except that any city with an adopted ordinance*

35.21.710 authorizes this classification or because Respondent is not bound by the State's definition of "retail sales" under RCW 82.04.050.[2] We granted review. We affirm.

## QUESTION PRESENTED

The question presented in this case is whether RCW 35.21.710 permits the City of Tacoma to classify the automobile rental activity of Petitioner Enterprise Leasing, Inc. as a "service" and not as a "retail sale" for imposition of local Business and Occupation taxes.

## STATEMENT OF FACTS

The material facts are not in dispute.[3] Respondent City of Tacoma imposes a local Business and Occupation (B and O) tax on business activity conducted within the city.[4] Respondent's classification of the business activity determines the tax rate to be imposed. Its B and O tax under the "retail sales" classification is assessed at a rate of 0.153 percent, while the same tax under the "service" classification is assessed at a rate of 0.48 percent.[5] As of January 1,

---

at a higher rate, as of January 1, 1982 shall be limited to a maximum increase of ten percent of the January 1982 rate, not to exceed an annual incremental increase of two percent of current rate: PROVIDED, That any adopted ordinance which classifies according to different types of business or services shall be subject to both the ten percent and the two percent annual incremental increase limitation on each tax rate: . . ." (Emphasis added.) In its more acceptable sense, the term "grandfather clause" means "[p]rovision in a new law or regulation exempting those already in or a part of the existing system which is being regulated." BLACK'S LAW DICTIONARY 699 (6th ed. 1990). We prefer the term "exemption clause" over the historically pejorative term "grandfather clause."

[2]Enterprising Leasing, Inc. v. City of Tacoma, 93 Wn. App. 663, 665, 970 P.2d 339 (1999).

[3]Id.; Br. of Appellant at 1.

[4]TACOMA MUNICIPAL CODE (TMC) 6.68.220, Clerk's Papers at 65-66.

[5]TMC 6.68.220.D; TMC 6.68.220.I. TMC 6.68.220 provides in part:

"**Persons subject to tax—Amount.** There is hereby levied upon and there shall be collected from every person as hereinafter provided, for the act or privilege of engaging in business activities within the City, whether his/her office or place of business be within and/or without the City, a license fee or occupation tax, sometimes herein referred to as the 'tax,' in amounts to be determined by

1982, before the current rate of 0.48 percent was assessed, Respondent's B and O tax rate under the "service" classification was 0.5 percent.[6]

Operating from three locations in Tacoma, as Enterprise Rent-a-Car, Petitioner Enterprise Leasing, Inc. is engaged in the business of renting and leasing automobiles to consumers.[7] Petitioner reported its income for the Tacoma B and O tax under the "retail sales" classification at the tax rate of 0.153 percent.[8] But Respondent City of Tacoma

---

application of rates given against value of products, including by-products, gross proceeds of sales or gross income of business, as the case may be, for the three calendar months next preceding the beginning of each quarterly period. The tax classifications and rates applicable thereto are as follows:

". . . .

"D. Upon every person engaging within this City in the business of making sales at retail; as to such persons the amount of tax with respect to such business shall be equal to the gross proceeds of such sales of the business without regard to the place of delivery of articles, commodities, or merchandise sold, multiplied by the rate of one hundred fifty-three one-thousandths of one percent (.00153).

". . . .

"I. Upon every person engaging within this City in any business activity other than or in addition to those enumerated in subsections A, B, C, D, E, F, G, and H above, the amount of tax on account of such activities shall be equal to the gross income of the business multiplied by the rate of forty-eight one-hundredths of one percent (.0048). This subsection includes, among others, and without limiting the scope thereof (whether or not title to material used in the performance of such business passes to another by accession, confusion or other than outright sale), persons engaged in the business of rendering any type of service."

[6]*Enterprise Leasing, Inc.*, 93 Wn. App. at 671 (citing Tacoma Ordinance 19069 § 2, passed Apr. 1, 1970, for the tax rate of 0.5 percent and citing Tacoma Ordinance 25019, passed Dec. 3, 1991, for the current rate of 0.48 percent). Neither of these ordinances, while mentioned by the Court of Appeals, is in the record before this court. Nor does this court have the following ordinances adopted as of January 1, 1982 and relating to the original enactment and amendments to TMC 6.68.220: Tacoma Ordinance 17926 § 2, passed Sept. 14, 1965; Tacoma Ordinance 19002 § 3, passed Dec. 30, 1969; Tacoma Ordinance 19124 § 1, passed May 26, 1970; Tacoma Ordinance 19136 § 1, passed July 7, 1970; and Tacoma Ordinance 19622 § 1, passed July 18, 1972. However, the Court of Appeals stated: "As of January 1, 1982, Tacoma's B&O tax rate for services was 0.5 percent." *Id.* Petitioner Enterprise Leasing does not take exception to this statement. It also concedes "that under the Tacoma tax code definitions, Enterprise's business activity could be taxed only under the 'service' classification." *Id.*

[7]Clerk's Papers at 12-13.

[8]*Id.*

treats rental activity under the "service" classification.[9] Accordingly, it advised Petitioner to report its income under the higher B and O tax rate of 0.48 percent.[10] Petitioner declined to do so.[11] Respondent audited Petitioner and assessed additional taxes, interest and penalties against it in the amount of $24,467.07.[12]

Petitioner Enterprise Leasing appealed to the City of Tacoma Hearing Examiner, Rodney M. Kerslake, who on April 19, 1996 upheld the assessment notices in all respects.[13] Petitioner then appealed the Hearing Examiner's decision to the Pierce County Superior Court[14] and moved for summary judgment on July 8, 1997.[15] On September 19, 1997, the court, the Honorable Bruce W. Cohoe, rendered an oral decision in favor of Petitioner.[16] Respondent City of Tacoma filed motions for reconsideration and summary judgment on December 4, 1997.[17] The trial court denied the

---

[9]Tax Director's Rule 211 (promulgated under authority granted by TMC 6.68.400), Clerk's Papers at 20-21. Rule 211 provides in part:

"**Leases or Rentals of Tangible Personal Property, Bailments**: The terms 'leasing' and 'renting' are used interchangeably and refer generally to the act of granting to another the right of possession to and use of tangible personal property for a consideration. The term 'bailment' refers to the act of granting to another the right of possession to and use of tangible personal property without consideration.

"**Business and Occupation Tax**: Persons renting or leasing of tangible personal property are taxable under the Service and Other Business Activities classification upon the gross income from rentals as of the time the rental payments fall due." Clerk's Papers at 20-21.

[10]Clerk's Papers at 13.

[11]*Id.* at 14.

[12]*Id.* at 14-15.

[13]*Id.* at 12-27.

[14]Notice of Appeal from Decision from Office of Hr'g Examiner, Clerk's Papers at 3-7.

[15]Plaintiff's Mem. for Summ. J., Clerk's Papers at 29-38.

[16]Clerk's Papers at 140-46.

[17]Clerk's Papers at 93-117.

motions and signed an order granting summary judgment in favor of Petitioner on January 23, 1998.[18]

On February 13, 1998, Respondent filed a notice of appeal to the Court of Appeals, Division Two.[19] The Court of Appeals, the Honorable C.C. Bridgewater writing, reversed the trial court's summary judgment in favor of Petitioner Enterprise Leasing.[20] The court concluded that RCW 35.21.710 does not require Respondent's definition of "retail sale" to be consistent with the State's definition and does not limit the local B and O tax that Respondent City of Tacoma may apply to Petitioner's automobile rental activity.[21] The court further concluded that RCW 35.21.710 contains an exemption clause covering existing classifications and taxes at the time of its passage and permits Respondent to exercise its taxing power over Petitioner.[22]

Petitioner Enterprise Leasing petitioned this court for review of the decision by the Court of Appeals, which we granted on June 29, 1999.[23]

## DISCUSSION
### STANDARD OF REVIEW

■ This court reviews an order of summary judgment de novo.[24] It engages in the same inquiry as the trial court, treating all facts and reasonable inferences from the facts in a light most favorable to the nonmoving party.[25] Where, as here, the parties do not dispute the material facts, this

---

[18]Order Granting Summ. J., Clerk's Papers at 214-15.

[19]Clerk's Papers at 212-13.

[20]*Enterprise Leasing, Inc.*, 93 Wn. App. at 665.

[21]*Id.*

[22]*Id.* The Court of Appeals referred to the exemption clause as a "grandfather clause."

[23]Order Granting Discretionary Review.

[24]*Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 625, 911 P.2d 1319 (1996).

[25]*Reid v. Pierce County*, 136 Wn.2d 195, 201, 961 P.2d 333 (1998).

Court will affirm an order on summary judgment if the moving party is entitled to judgment as a matter of law.[26]

■■ Interpretation of a statute is a question of law.[27] " '[T]he fundamental object of statutory interpretation is to ascertain and give effect to the intent of the legislature' which is done by 'first look[ing] to the plain meaning of words used in a statute.' "[28] When words in a statute are plain and unambiguous, statutory construction is not necessary, and this court must apply the statute as written unless the statute evidences an intent to the contrary.[29]

## REVIEW OF STATUTORY AUTHORITY

At issue in this case is interpretation of RCW 35.21.710, which provides:

> **License fees or taxes on certain business activities—Uniform rate required—Maximum rate established.** Any city which imposes a license fee or tax upon business activities consisting of the making of retail sales of tangible personal property which are measured by gross receipts or gross income from such sales, shall impose such tax at a single uniform rate upon all such business activities. The taxing authority granted to cities for taxes upon business activities measured by gross receipts or gross income from sales shall not exceed a rate of .0020; except that any city with an adopted ordinance at a higher rate, as of January 1, 1982 shall be limited to a maximum increase of ten percent of the January 1982 rate, not to exceed an annual incremental increase of two percent of current rate: PROVIDED, That any adopted ordinance which classifies according to different types of business or services shall be subject to both the ten percent and the two percent annual incremental increase limitation on each tax rate: PROVIDED FURTHER, That all surtaxes on business and oc-

---

[26]*Barnes v. McLendon*, 128 Wn.2d 563, 569, 910 P.2d 469 (1996); *see* CR 56(c).

[27]*Millay v. Cam*, 135 Wn.2d 193, 198, 955 P.2d 791 (1998).

[28]*State v. Sweet*, 138 Wn.2d 466, 477-78, 980 P.2d 1223 (1999) (alterations in original) (footnotes omitted).

[29]*Id.* at 478; *State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994).

cupation classifications in effect as of January 1, 1982, shall expire no later than December 31, 1982, or by expiration date established by local ordinance. Cities which impose a license fee or tax upon business activities consisting of the making of retail sales of tangible personal property which are measured by gross receipts or gross income from such sales shall be required to submit an annual report to the state auditor identifying the rate established and the revenues received from each fee or tax. This section shall not apply to any business activities subject to the tax imposed by chapter 82.16 RCW. For purposes of this section, the providing to consumers of competitive telephone service, as defined in RCW 82.04.065, shall be deemed to be the retail sale of tangible personal property.

Petitioner Enterprise Leasing argues that RCW 35.21.710 prevents Respondent from classifying automobile rental activity as a "service" for imposition of local B and O taxes.[30] The term "retail sales," as used in RCW 35.21.710, is not defined in chapter 35.21 RCW.[31] However, RCW 82.04.050 does define the term to "include the renting or leasing of tangible personal property to consumers . . . ."[32] Petitioner argues that because RCW 35.21.710 relates to a city's authority to impose local B and O taxes on "retail sales" and because RCW 82.04.050 defines the term to include automobile rental activity, Respondent City of Tacoma must classify Petitioner's automobile rental activity as a "retail sale" and not as a "service" for local B and O tax purposes.[33]

Respondent City of Tacoma argues that RCW 35.21.710 does not limit its authority to classify activities for local B and O taxes.[34] RCW 35.21.710 specifically refers to RCW 82.04.065 for a definition of "competitive telephone ser-

[30]Br. of Resp't at 25.

[31]*See* chapter 35.21 RCW.

[32]RCW 82.04.050(4).

[33]Br. of Resp't at 11-12.

[34]Br. of Appellant at 37.

vice," but does not refer to RCW 82.04.050 for a definition of "retail sales" as urged by Petitioner.[35] Respondent argues that, in the absence of an express reference or specific legislative preemption of municipal tax power, it has the authority to define "retail sales" to include a "service" classification.[36] Alternatively, Respondent argues that an exemption clause under RCW 35.21.710 permits it to classify Petitioner's automobile rental activity as a "service."[37]

### DEFINING "RETAIL SALES" UNDER RCW 35.21.710

■■ "In general, a city or municipality may define its taxation categories as it sees fit unless it is restrained by a constitutional provision or legislative enactment."[38] In *Commonwealth Title Insurance Co.* a municipality imposed a local B and O tax under the "service" classification for activities of a title insurance company.[39] The company challenged the local classification as being inconsistent with the State's classification of such activities as "retail sales" for State B and O tax purposes.[40] This court concluded the municipality had authority to classify activities of title insurance companies in any manner it wished because there was no restraining constitutional provision or legislative enactment.[41] "[I]f the legislature had intended to make its business and occupation tax definitions binding on the cities of this state it would have done so specifically, as it did in RCW 82.14.030, 82.14.050, and 82.14.070 when it autho-

---

[35]The last sentence of RCW 35.21.710 states: "For purposes of this section, the providing to consumers of competitive telephone service, *as defined in RCW 82.04.065*, shall be deemed to be the retail sale of tangible personal property." (Emphasis added.)

[36]Br. of Appellant at 36-37.

[37]Reply Br. of Appellant at 20-21.

[38]*Commonwealth Title Ins. Co. v. City of Tacoma*, 81 Wn.2d 391, 394, 502 P.2d 1024 (1972).

[39]*Id.* at 393.

[40]*Id.* at 393-94.

[41]*Id.* at 394.

rized the imposition of city *sales* taxes."[42] This principle applies to Respondent City of Tacoma in this case.

## EXEMPTION CLAUSE OF RCW 35.21.710

Although its B and O taxes are also subject to State oversight, Respondent City of Tacoma does have authority to define "retail sales" for local B and O purposes under the exemption clause in RCW 35.21.710, which provides:

> The taxing authority granted to cities for taxes upon business activities measured by gross receipts or gross income from sales shall not exceed a rate of .0020; *except that any city with an adopted ordinance at a higher rate, as of January 1, 1982* shall be limited to a maximum increase of ten percent of the January 1982 rate, not to exceed an annual incremental increase of two percent of current rate: PROVIDED, That *any adopted ordinance which classifies according to different types of business or services* shall be subject to both the ten percent and the two percent annual incremental increase limitation *on each tax rate*: . . . .[43]

It is not necessary to resort to statutory construction or to legislative history to determine the meaning of this provision. Its language plainly and unambiguously refers to local B and O tax ordinances adopted prior to January 1, 1982 which have tax rates higher than 0.2 percent and have classifications based upon different types of business or services. The word "except," as used in the statute, exempts these ordinances from the tax-rate limitation of 0.2 percent. By referring to "any adopted ordinance which classifies according to different types of business or services," the statute under the exemption clause permits application of TACOMA MUNCIPAL CODE (TMC) 6.68.220 and its corresponding tax rates in this case.

■ The Court of Appeals was correct in holding "that Tacoma's 'service' tax classification as applied to Enterprise

---

[42]*Id.*

[43]RCW 35.21.710 (emphasis added).

is specifically exempted by the [exemption] clause contained in RCW 35.21.710."[44] The plain and unambiguous language of this clause applies to Respondent's B and O tax ordinances enacted before January 1, 1982. TMC 6.68.220 was originally enacted on September 14, 1965 with the passage of Tacoma Ordinance 17926 § 2 and was amended on April 1, 1970 by Tacoma Ordinance 19069 § 2. The latter ordinance, according to the Court of Appeals, had a "service" classification with a tax rate of 0.5 percent. The current rate of 0.48 percent, while lower than the 1970 rate, is allowed to be greater than the 0.2 percent tax-rate limitation of RCW 35.21.710 under the exemption clause.

### SUMMARY AND CONCLUSIONS

This court reviews an order of summary judgment de novo. Where, as in this case, the parties do not dispute the material facts, this court will affirm an order of summary judgment if the moving party is entitled to judgment as a matter of law. Interpretation of a statute is a question of law.

The Court of Appeals was correct in reversing summary judgment in favor of Petitioner Enterprise Leasing. Respondent City of Tacoma had authority to define "retail sales" for purposes of its local B and O taxes under the exemption clause in RCW 35.21.710.

Respondent adopted its B and O tax ordinance prior to January 1, 1982 with tax rates higher than 0.2 percent and classifications based upon different types of business or services. The exemption applies to "any city with an adopted ordinance at a higher rate" than .0020 "as of January 1, 1982." Accordingly, the exemption clause permits Respondent City of Tacoma to classify Petitioner's automobile rental activities as "services" assessed at the rate of 0.48 percent for local B and O taxes and does not limit it to classification as "retail sales."

We affirm the decision of the Court of Appeals, Division

---

[44]*Enterprise Leasing, Inc.*, 93 Wn. App. at 671.

Two, which reversed the order of summary judgment by the Pierce County Superior Court in favor of Petitioner Enterprise Leasing, Inc.

GUY, C.J., JOHNSON, MADSEN, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., and WINSOR, J. PRO TEM., concur.

Reconsideration denied February 11, 2000.