[No. 26446-3-II. Division Two. February 22, 2002.]

MICHAEL E. SHANNON, ET AL., *on behalf of the Estate of Theresa M. Shannon, Respondents*, v. THE DEPARTMENT OF CORRECTIONS, *Petitioner*.

*Christine O. Gregoire, Attorney General,* and *Michael P. Lynch, Assistant,* for petitioner.

*Silvia A. San Nicolas* (of *Freeley & San Nicolas, P.L.L.C.*), for respondents.

ARMSTRONG, C.J. — The Shannons filed a tort claim against the Department of Corrections. The Department moved for summary judgment, arguing that the claim was deficient because the Shannons' attorney signed and verified it for them. The trial court denied summary judgment and ruled that RCW 4.92.100 is ambiguous as to whether a claimant must ever verify a claim against the State. The Department appeals. We hold that the statute is unambiguous; it requires the claimant, unless incapacitated, to verify the tort claim. We reverse and remand for entry of summary judgment in the Department's favor.

## FACTS

Cynthia Boskofsky and Teresa Shannon were coworkers at the women's prison in Purdy, Washington. They became romantically involved in May 1994 and had an apartment together. But their relationship was violent and Shannon eventually obtained a restraining order against Boskofsky. Shannon and her sons, Willie and Michael, complained to police that Boskofsky stalked, harassed, and threatened them despite the restraining order. The Department of Corrections fired Boskofsky in March 1996 for doing a poor job. In July 1996, Boskofsky shot and killed Teresa Shannon in her car.

In 1999, Willie and Michael Shannon filed a tort claim against the Department of Corrections. They alleged that the Department negligently hired, supervised, and monitored Boskofsky. The Shannons' attorney signed the tort claim for them.

The Department of Corrections moved for summary judgment, arguing that the claim against it was deficient under RCW 4.92.100 because only the Shannons' attorney signed it. The statute provides that all claims must be verified but, if the claimant is incapacitated from verifying the claim, an attorney or other representative can verify it. RCW 4.92.100. The Shannons argued that RCW 4.92.100 is ambiguous. They also argued that the State was estopped from challenging the sufficiency of their tort claim because the State's tort claim form instructed that the "claimant or legal representative" must sign the form. The trial court denied the State's motion for summary judgment.

## ANALYSIS

We ordinarily will not review a denial of a motion for summary judgment. RAP 2.2(a); *Sea-Pac Co. v. United Food & Commercial Workers Local Union 44*, 103 Wn.2d 800, 801-02, 699 P.2d 217 (1985). But an appellate court will accept discretionary review if the trial court "committed an

obvious error which would render further proceedings useless." RAP 2.3(b)(1). And the trial court here found that an immediate appeal would serve judicial economy and simplify the trial. We agree.

## I. Interpretation of RCW 4.92.100

 We review a trial court's ruling on a summary judgment motion and its interpretation of a statute de novo, engaging in the same inquiry as the trial court. *Enter. Leasing, Inc. v. City of Tacoma*, 139 Wn.2d 546, 551-52, 988 P.2d 961 (1999). When interpreting a statute, we look for the legislature's intent. *Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997). A court must give effect to every part of the text, rendering no portion meaningless or superfluous. *City of Seattle v. Dep't of Labor & Indus.*, 136 Wn.2d 693, 698, 965 P.2d 619 (1998). And we look outside the statute for intent only if the statutory language is ambiguous. *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 329, 815 P.2d 781 (1991). "A statute is ambiguous if it is susceptible of two or more reasonable interpretations." *United States Tobacco Sales & Mktg. Co. v. Dep't of Revenue*, 96 Wn. App. 932, 938, 982 P.2d 652 (1999).

██ ██ RCW 4.92.100 provides that claims against the State "shall be verified." But "[i]f the claimant is incapacitated from verifying, presenting, and filing the claim or if the claimant is a minor, or is a nonresident of the state, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant." RCW 4.92.100.

Courts will liberally construe the contents of a claim and accept substantial compliance with the content requirements of RCW 4.92.100, but the filing requirements are strictly construed. RCW 4.92.100; *Levy v. State*, 91 Wn. App. 934, 942, 957 P.2d 1272 (1998). While the filing requirements are not so rigid as to demand unjust results, compliance is mandatory even if the requirements seem "harsh and technical." *Levy*, 91 Wn. App. at 942.

The Shannons argue that RCW 4.92.100 is ambiguous because it does *not* state that claims against the State shall be verified *by the claimant*. But the statute specifically provides that a relative, attorney, or agent may verify a claim *if* the claimant is a minor, a nonresident, or is incapacitated from verifying, presenting, and filing the claim. This provision has meaning only if, in all other circumstances, the claimant must personally verify the claim. And we must interpret the statute in a way that renders all of its language meaningful.

The Shannons do not claim that they are minors or nonresidents or that they were incapacitated. Thus, under RCW 4.92.100 they had to personally verify and sign their tort claim.

We reverse the trial court and remand for entry of summary judgment against the Shannons on their claim against the Department of Corrections.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

BRIDGEWATER and HUNT, JJ., concur.