[No. 33199-3-II.   Division Two.   August 22, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFERY GUY
STIVASON, *Petitioner*.

*Thomas E. Doyle* and *Patricia A. Pethick*, for petitioner.

*Pamela B. Loginsky* (of *Washington Association of Prosecuting Attorneys*), for respondent.

¶1 VAN DEREN, A.C.J. — Jeffery Guy Stivason appeals the trial court's ruling that RCW 10.43.040 does not preclude state prosecution of a crime if the defendant had previously received only nonjudicial Uniform Code of Military Justice (U.C.M.J.) Article 15 military punishment for the same crime. We affirm.

## FACTS

¶2 The federal government called Stivason, a member of the Washington Army National Guard, to active duty in September 2003. From mid-September 2003 to late February 2004, Stivason was stationed with his activated unit at North Fort Lewis, Washington.

¶3 On January 26, 2004, in Thurston County, Washington, the State arrested and charged Stivason for driving under the influence (DUI) under RCW 46.61.502. The military disciplined Stivason for this charge under the nonjudicial punishment provisions of 10 U.S.C. § 815 (Art. 15, U.C.M.J.). Subsequently, Stivason moved the district court to dismiss the State's DUI charge, arguing that RCW 10.43.040's double jeopardy protections precluded the State's criminal prosecution because the military had already prosecuted, convicted, and punished him for the same crime. The district court granted Stivason's motion, concluding that *State v. Ivie*, 136 Wn.2d 173, 961 P.2d 941 (1998), and RCW 10.43.040 barred the State from prosecuting Stivason.

¶4 The State appealed the district court's ruling to the superior court, successfully arguing that (1) 1999 amend-

ments to RCW 10.43.040 overruled *Ivie*'s extension of double jeopardy protection to Article 15 proceedings; (2) military discipline under Article 15 is not a "judicial proceeding" under the current, post-*Ivie* version of RCW 10-.43.040 and therefore is not afforded double jeopardy protection; and (3) the plain language of a new section in current RCW 10.43.040 expressly allows subsequent state prosecution of a crime when the defendant has previously received only nonjudicial punishment for the same crime.

¶5 Stivason appeals.

## ANALYSIS

### I. STANDARD OF REVIEW

■ ¶6 The facts in this case are undisputed. The only question before us is whether RCW 10.43.040's double jeopardy protections preclude the State from prosecuting its DUI charge against Stivason after the military disciplined him under Article 15's nonjudicial punishment provisions for the same crime. This question is one of statutory construction, which we review de novo. *State v. Smith*, 155 Wn.2d 496, 501, 120 P.3d 559 (2005).

■ ■ ¶7 In construing a statute, our objective is to ascertain and give effect to the legislature's intent. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005); *Enter. Leasing, Inc. v. City of Tacoma,* 139 Wn.2d 546, 552, 988 P.2d 961 (1999). When a statute uses plain language and defines essential terms, the statute is unambiguous. *City of Olympia v. Thurston County Bd. of Comm'rs*, 131 Wn. App. 85, 93, 125 P.3d 997 (2005).

■ ¶8 If the statute is clear and unambiguous, we may not look beyond the statute's plain language or consider legislative history but we glean the legislative intent through the plain meaning of the statute's language and apply it as written. *Burton v. Lehman*, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005); *Enter. Leasing*, 139 Wn.2d at 552;

*C.J.C. v. Corp. of the Catholic Bishop of Yakima*, 138 Wn.2d 699, 708, 985 P.2d 262 (1999).

## II. RCW 10.43.040

¶9 Stivason argues that (1) the superior court improperly resorted to legislative intent to interpret current RCW 10-.43.040's[1] unambiguous language; (2) because the military punishment and the State's prosecution both occurred in the State of Washington and not in "another state or country," RCW 10.43.040's exemption of nonjudicial military punishment does not apply and the statute's double jeopardy protections insulate him from the State's prosecution; (3) although disciplinary action under Article 15 has been designated "nonjudicial" punishment, subsequent state prosecution is precluded under RCW 10.43.040 if the nonjudicial punishment may result in jail time; and (4) the portion of our Supreme Court's decision in *Ivie*[2] holding that an Article 15 proceeding constitutes a "criminal prosecution" under former RCW 10.43.040 suggests that an Article 15 proceeding, although expressly designated "nonjudicial," is in fact "judicial." Br. of Appellant at 12-14.

¶10 The State responds that the current, post-*Ivie* version of RCW 10.43.040 does not protect Stivason from State prosecution because the military is considered "another state or country" in Washington and RCW 10.43.040 expressly exempts nonjudicial military punishment from its double jeopardy protections. The State further asserts that Stivason tailors two contradictory interpretations of the phrase "another state or country" to fit his contention that double jeopardy bars the State's prosecution: Stivason first argues that the military is "another state or country" to trigger RCW 10.43.040's double jeopardy protections under the statute's first sentence but then contradicts that interpretation in an attempt to avoid the statute's express exemption of nonjudicial military punishment in "another

[1] Laws of 1999, ch. 141, § 1.

[2] Later superseded by legislative amendments to RCW 10.43.040 in 1999.

state or country." Br. of Resp't at 11-13. The State also asserts that Article 15 disciplinary proceedings are "non-judicial" and that RCW 10.43.040 bars state prosecution only after previous conviction or acquittal in "judicial" proceedings. Br. of Resp't at 13-15.

¶11 The United States Constitution prevents one sovereign entity from prosecuting twice for the same offense, but it does not prevent a sovereign entity from prosecuting an offense under its law where a separate sovereign entity has prosecuted a defendant for an offense with the same elements under its law. *State v. Moses*, 104 Wn. App. 153, 156, 15 P.3d 1058 (2001), *aff'd on other grounds*, 145 Wn.2d 370, 37 P.3d 1216 (2002). Similarly, although the Washington Constitution prevents the State from prosecuting the same offense twice, it does not prevent the State from prosecuting an offense where a separate sovereign entity has already prosecuted the defendant under its law for an offense with the same elements. *Moses*, 104 Wn. App. at 156.

¶12 But former and current RCW 10.43.040 expand the double jeopardy protections conferred in both the United States and Washington Constitutions by prohibiting state prosecution of a defendant who has already been prosecuted for the same offense by a separate sovereign entity. *Ivie*, 136 Wn.2d at 178-79; *State v. Caliguri*, 99 Wn.2d 501, 511-12, 664 P.2d 466 (1983); *Moses*, 104 Wn. App. at 156-57.

¶13 Former RCW 10.43.040 stated:

> Whenever, upon the trial of any person for a crime, it appears that the offense was committed in another state or country, under such circumstances that the courts of this state had jurisdiction thereof, and that the defendant has already been acquitted or convicted upon the merits, upon a criminal prosecution under the laws of such state or country, founded upon the act or omission with respect to which he is upon trial, such former acquittal or conviction is a sufficient defense.

LAWS OF 1999, ch. 141, § 1.

¶14 In *Ivie*, our Supreme Court held that former RCW 10.43.040 barred state prosecution of a crime following the

imposition of nonjudicial punishment for the same crime under Article 15. 136 Wn.2d at 176, 187. In reaching this conclusion, the court explained that for purposes of former RCW 10.43.040, the military qualifies as "another state or country"[3] and that Article 15 nonjudicial punishment constitutes a "criminal prosecution." *Ivie*, 136 Wn.2d at 177, 183. Thus, *Ivie* would have prohibited the State's prosecution of its DUI charge against Stivason because the military had already prosecuted Stivason under Article 15's provisions.

■ ¶15 But in 1999, the legislature substantially amended RCW 10.43.040 in response to *Ivie*. LAWS OF 1999, ch. 141, § 1; FINAL B. REP. on Engrossed H.B. 1067, 56th Leg., Reg. Sess. (Wash. 1999); *Moses*, 104 Wn. App. at 157 n.10. The legislature added a second sentence to the statute. LAWS OF 1999, ch. 141, § 1. Current RCW 10.43.040, the statute that applies to Stivason, provides:

> Whenever, upon the trial of any person for a crime, it appears that the offense was committed in another state or country, under such circumstances that the courts of this state had jurisdiction thereof, and that the defendant has already been acquitted or convicted upon the merits, *in a judicial proceeding conducted under the criminal laws of such state or country*, founded upon the act or omission with respect to which he is upon trial, such former acquittal or conviction is a sufficient defense. *Nothing in this section affects or prevents a prosecution in a court of this state of any person who has received administrative or nonjudicial punishment, civilian or military, in another state or country based upon the same act or omission.*

(Emphasis added.)

¶16 Moreover, the legislature replaced the phrase "upon a criminal prosecution" with "in a judicial proceeding conducted." LAWS OF 1999, ch. 141, § 1. In doing so, the legislature presumably intended (1) to supersede our Supreme Court's holding that Article 15 nonjudicial punishment constitutes a "criminal prosecution" under former RCW 10-.43.040 and (2) to imply that Article 15 nonjudicial punish-

---

[3] In *Caliguri*, 99 Wn.2d at 512, our Supreme Court established that the federal government is "another state or country" for purposes of RCW 10.43.040.

ment does not constitute a "judicial proceeding." *See* Laws of 1999, ch. 141, § 1; Final B. Rep., Engrossed H.B. 1067, 56th Leg., Reg. Sess. (Wash. 1999).

¶17 Although the military, which is considered "another state or country" in Washington,[4] has already prosecuted Stivason for the DUI charge, it imposed only nonjudicial punishment. 10 U.S.C. § 815 (Art. 15, U.C.M.J.). Thus, RCW 10.43.040 does not preclude the State's prosecution of Stivason.

¶18 The exemption from double jeopardy protection under RCW 10.43.040 requiring previous military nonjudicial punishment in "another state or country" does not change the result. Stivason argues that the exemption does not apply here because the military imposed Article 15 nonjudicial punishment in Washington and not in "another state or country." Br. of Appellant at 9-11. But this argument contradicts Stivason's use of the phrase "another state or country" in the first sentence of RCW 10.43.040 so that he can avoid the exemption for state prosecution when the military imposed nonjudicial punishment under the statute's second sentence. Nothing in RCW 10.43.040's language or legislative history, nor in Washington case law, suggests different meanings for the phrase "another state or country." As we noted earlier, Washington considers the military "another state or country" under RCW 10.43.040. *Ivie*, 136 Wn.2d at 177; *Caliguri*, 99 Wn.2d at 512. The legislature's 1999 amendments left the phrase "another state or country" unaltered, demonstrating its intent to encompass the federal government and the military by the phrase "another state or country." *See Freitag v. McGhie*, 133 Wn.2d 816, 823, 947 P.2d 1186 (1997); *Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 887-88, 652 P.2d 948 (1982).

¶19 Similarly, nothing in RCW 10.43.040's language or legislative history, or in any Washington case law, supports Stivason's bald assertion that RCW 10.43.040's ex-

---

[4] *Ivie*, 136 Wn.2d at 177; *Caliguri*, 99 Wn.2d at 512.

press exemption of nonjudicial military punishment applies only if the Article 15 nonjudicial punishment at issue does not *potentially* include jail time.

### III. NONJUDICIAL ARTICLE 15 PUNISHMENT

¶20 Stivason argues that the superior court improperly allowed the State to argue for the first time on appeal that his punishment was "nonjudicial." Br. of Appellant at 14-15. We disagree.

██ ██ ¶21 First, the State in fact argued to the district court that Stivason's Article 15 punishment was "nonjudicial." *See* Clerk's Papers at 144-46, 186-88. Second, appellate courts have discretion to consider nonconstitutional arguments for the first time on appeal. RAP 2.5(a). RAP 2.5(a) states that the appellate court (in this case, the superior court) "may" refuse to review claims of error not raised before the trial court. In construing statutes and court rules, the words "will" and "shall" are mandatory, while words like "may" are permissive and discretionary. *Rudolph v. Empirical Research Sys., Inc.*, 107 Wn. App. 861, 866, 28 P.3d 813 (2001). Thus, even if the State did not argue before the district court that Stivason's military punishment was "nonjudicial," the superior court serving as an appellate court had discretion to consider the argument.

¶22 We affirm.

ARMSTRONG and HUNT, JJ., concur.

Review denied at 160 Wn.2d 1016 (2007).