# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

GREGORY and JANETTE KOVSKY, )
husband and wife, )
          Appellants, )

     v. )

ROBERT FANFANT and MELANIE R. )
BISHOP, husband and wife, and KING )
COUNTY, )
          Respondents. )

No. 76142-1-I

ORDER GRANTING MOTION
FOR RECONSIDERATION IN PART AND
DENYING IN PART, AND WITHDRAWING
OPINION AND SUBSTITUTING
OPINION

The appellants, Gregory and Janette Kovsky, have filed a motion for

reconsideration. The respondents, Robert Fanfant and Melanie Bishop, and King County,

have filed answers. The court has taken the matter under consideration and has

determined that the motion for reconsideration should be granted in part and denied in

part.

Now, therefore, it is hereby

ORDERED that the motion for reconsideration is granted in part as to the

scrivener's errors in the opinion and denied in part as to the remaining issues; and, it is

further

ORDERED that the opinion in the above-referenced case filed on February 12,

2018, is withdrawn and a substitute opinion be filed in its place.

FOR THE COURT:

_Trickey, J_

_Dwyer, J._

_Cox, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 APR 16 AM 11: 05

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 APR 16 AM 11: 05



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GREGORY and JANETTE KOVSKY, husband and wife, <br>            Appellants, <br><br>      v. <br><br> ROBERT FANFANT and MELANIE R. BISHOP, husband and wife, and KING COUNTY, <br>            Respondents. | No. 76142-1-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION <br><br> FILED: April 16, 2018 |

TRICKEY, J. — Robert Fanfant obtained a permit to construct an 89-foot tall amateur (Ham) radio tower on the residential property he shares with Melanie Bishop.[1] Gregory and Janette Kovsky, Fanfant's neighbors, brought a nuisance suit against Fanfant and King County. The trial court granted summary judgment in favor of Fanfant and King County because the suit was time barred by the Land Use Petition Act (LUPA), chapter 36.70C RCW. The Kovskys appeal the trial court's order of summary judgment for Fanfant and King County. Finding no error, we affirm.

## FACTS

The Kovskys have lived in their home in Redmond, Washington for over twelve years. In 2015, Fanfant purchased a neighboring home. The two homes are adjacent, share a common boundary line, and are separated by a wooden

---

[1] This opinion refers to Robert Fanfant as Robert, and Robert Fanfant and Melanie Bishop collectively as Fanfant where applicable. No disrespect to the parties is intended.

fence. The properties are zoned RA-5.[2]

Robert is a licensed Ham radio operator. When Fanfant bought the home, Robert intended to install an 89-foot antenna and tower on the property. Prior to buying the home, Robert visited the King County Department of Permitting and Environmental Review (DPER) and inquired into the permitting process for a Ham radio tower.

In May 2015, Fanfant submitted a building permit application for the Ham radio tower. DPER approved the permit on July 7, 2015, and posted notice of the issuance of the building permit on its website on July 31, 2015. DPER staff inspected the completed Ham radio tower, and the permit received final approval on September 28, 2015.

The Kovskys were not notified of Robert's plans to build the Ham radio tower or the issuance of the building permit. They had observed construction activity on Fanfant's property, including tree removal and construction of a metal structure. On January 31, 2016, the Kovskys returned from a walk to discover that an 89-foot tall metal latticework structure with horizontally protruding antennae had been erected in Fanfant's yard. The tower is closer to the Kovskys' home than Fanfant's home and highly visible from both the Kovskys' backyard and inside their house.

The Kovskys contacted King County for more information about the Ham radio tower. On February 9, 2016, the Kovskys learned that Robert had obtained a building permit and that the Ham radio tower had passed the DPER final

---

[2] RA-5 is a rural area, with one dwelling per 5-acre lot.

inspection. King County informed them that no community notice was required or provided during the permitting process.

The Kovskys also learned that DPER had opened a code enforcement investigation into the Ham radio tower due to complaints from Fanfant's neighbors. The code enforcement officer found that licensed Ham radio stations are allowed in all classes of property zones and are considered an accessory residential use. The enforcement officer also found that Ham radio towers are exempt from the development standards for communication facilities, but require a building permit. The enforcement officer concluded that Fanfant's Ham radio tower was allowed and that all required permits and approvals had been obtained. The enforcement officer closed the code enforcement inquiry on January 27, 2016.

On February 22, 2016, the Kovskys filed suit against Fanfant and King County alleging that the Ham radio tower is a nuisance in fact and law. They alleged that Fanfant had failed to comply with zoning and permit requirements when constructing the Ham radio tower. The Kovskys sought review of the building permit, an injunction requiring removal of the tower and antenna, and a writ of mandamus directing King County to enforce its land use regulations.

The parties moved for summary judgment. The trial court concluded that it lacked the necessary jurisdiction under LUPA, RCW 36.70C.040. The trial court granted summary judgment in favor of Fanfant and King County and dismissed the case. The Kovskys appeal.

## ANALYSIS

The parties filed cross motions for summary judgment, and the trial court granted summary judgment in favor of Fanfant and King County. Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c); Macias v. Saberhagen Holdings, Inc., 175 Wn.2d 402, 408, 282 P.3d 1069 (2012). "By filing cross motions for summary judgment, the parties concede there were no material issues of fact." Pleasant v. Regence BlueShield, 181 Wn. App. 252, 261, 325 P.3d 237 (2014). The appellate court reviews an order of summary judgment de novo. Enterprise Leasing, Inc. v. City of Tacoma, 139 Wn.2d 546, 551, 988 P.2d 961 (1999).

Because the trial court granted summary judgment following cross motions by the parties, we need only examine the legal issues presented and review them de novo.

## LUPA

The trial court granted summary judgment in favor of Fanfant and King County because the case was time barred by LUPA. The Kovskys argue that summary judgment was improperly granted because LUPA does not apply to their nuisance claim.

LUPA is the exclusive means of judicial review of land use decisions. RCW 36.70C.030(1); see Habitat Watch v. Skagit County, 155 Wn.2d 397, 407, 120 P.3d 56 (2005). LUPA was established to create "uniform, expedited appeal procedures and uniform criteria" for reviewing land use decisions "in order to provide

consistent, predictable, and timely judicial review." RCW 36.70C.010. To this end, LUPA requires that a party appeal a land use decision within 21 days of issuance. RCW 36.70C.040(3).

Under LUPA, a land use decision is issued (1) three days after a written decision is mailed or notice is provided that the decision is publically available, (2) the date a legislative body sitting in a quasi-judicial capacity passes the ordinance or resolution, or (3) the date the decision is entered into the public record if the decision is not written or an ordinance or resolution. RCW 36.70C.040(4)(a)-(c). If a claim is not filed within 21 days, the claim is time barred and the trial court may not grant review. RCW 36.70C.040(2). The procedural requirements, including this time limitation, must be strictly met before a trial court's appellate jurisdiction under LUPA is properly invoked. Citizens to Preserve Pioneer Park, LLC v. City of Mercer Island, 106 Wn. App. 461, 467, 24 P.3d 1079 (2001). This deadline is stringently enforced and applies even to erroneous or illegal land use decisions. Chumbley v. Snohomish County, 197 Wn App. 346, 359, 386 P.3d 306 (2016).

The issuance of a building permit constitutes a land use decision under LUPA. Asche v. Bloomquist, 132 Wn. App. 784, 790, 133 P.3d 475 (2006). A building permit is best classified as a written decision, which is considered issued three days after the decision is mailed or the date on which the local jurisdiction provides notice that a written decision is publically available. Habitat Watch, 155 Wn.2d at 408.

The King County Code (KCC) establishes the notice requirements for issuing building permits. A building permit is a Type 1 decision made by the

5

director or designee of DPER. KCC 20.20.020(A)(1). Type 1 decisions require public notice, which may be provided electronically. KCC 20.20.062. This notice "shall be deemed satisfactory despite the failure of one or more individuals to receive notice." KCC 20.20.062.[3]

Here, the July 7, 2015 building permit was the land use decision. DPER posted notice of Fanfant's approved building permit on its website on July 31, 2015. Therefore, the 21-day time period to appeal the issuance of Fanfant's building permit began on July 31, 2015. The Kovskys filed their complaint on February 22, 2016, which is substantially more than 21 days after issuance of the building permit. Therefore, the trial court correctly determined that the Kovskys' complaint was time barred under LUPA and granted summary judgment in favor of Fanfant and King County.

## Minor Communication Facility

The Kovskys argue that their claim is not subject to the strict deadline in LUPA because they are not challenging the issuance of the building permit. Instead, the Kovskys argue that Fanfant's Ham radio tower is a nuisance per se because Fanfant failed to obtain a conditional use permit (CUP) in compliance with the development standards applicable to minor communication facilities. Because the Ham radio tower[4] is exempt from the development standards governing minor communication facilities, the Kovskys' distinction fails.

---

[3] DPER posts notice of approved building permits online on its website.
[4] At oral argument the Kovskys made a brief reference to the possibility that Fanfant's Ham radio tower is not a "station" exempted under KCC 21A.26.020(G). Wash. Court of Appeals oral argument, Kovsky v. Fanfant, No. 76142-1-I (Nov. 3, 2017), at 18 min., 57 sec. to 19 min., 17 sec. We do not consider arguments made outside the briefing. RAP 10.3.

The KCC's zoning regulations govern the siting for towers and antennas for communication facilities. Ch. 21A.26 KCC. The goal of these zoning requirements is to minimize the number and visual impact of communication facilities' towers and antennas. KCC 21A.26.010. Minor communication facilities have their own, separate development standards. Ch. 21A.27 KCC.

The category of minor communication facilities includes facilities for the transmission and reception of two-way radio signals. KCC 21A.06.215. New transmission support structures for minor communication facilities must comply with extensive preapplication procedures and review. KCC 21A.26.030(D); ch. 21A.27 KCC. These requirements include obtaining a CUP for transmission support structures that will be over 60-feet tall when completed. KCC 21A.27.020, .030.

Determining whether the Ham radio tower is subject to the regulations of a minor communication facility, and therefore subject to the regulations governing such facilities, requires examination of KCC ordinances. In construing ordinances and statutes, the goal "is to effectuate legislative intent, giving effect to the plain meaning of ordinary statutory language and the technical meaning of technical terms and terms of art." Foster v. Wash. State Dep't of Ecology, 184 Wn.2d 465, 471, 362 P.3d 959 (2015). The same rules of construction apply to interpretation of municipal ordinances as to statutes. Faciszewski v. Brown, 187 Wn.2d 308, 320, 386 P.3d 711 (2017). Interpretation of the law is de novo. Foster, 184 Wn.2d at 471. But appellate courts "give considerable deference to the agency charged

with enforcing an ordinance where the ordinance is ambiguous." Asche, 132 Wn. App. at 797.

Ham radio is a two-way signal. As such, Ham radio towers meet the definition of a minor communication facility. KCC 21A.06.215(A)(1). Therefore, Ham radio towers would ordinarily be required to adhere to the development standards of a minor communication facility under chapter 21A.27 KCC.

But, Ham radio stations are not subject to the provisions of chapter 21A.27 KCC. The KCC exempts licensed Ham radio stations from the provisions of chapter 21A.26 KCC and permits them in all zones. KCC 21A.26.020(G). Ham radio stations are also exempt from the standards and process requirements for minor communication facilities.

> All communication facilities that are not exempt under K.C.C. 21A.26.020 shall comply with this chapter as follows:
>
> . . . .
>
> D. New, modified or consolidated minor communication facilities shall comply with the standards of this chapter and K.C.C. chapter 21A.27. In the case of a conflict between this chapter and K.C.C. chapter 21A.27, [K.C.C.] chapter 21[A].27 shall apply.

KCC 21A.26.030. Because Ham radio towers are exempt under KCC 21A.26.020(G), they are not required to comply with the standards of chapters 21A.26 and 21A.27 KCC, as described in KCC 21A.26.030(D). Only those facilities that are not exempt are subject to the stipulated regulations. KCC 21A.26.030.

Thus, while Ham radio towers are two-way radio facilities, they are specifically excluded from the regulations for minor communication facilities. Due

to this blanket exemption, Fanfant's 89-foot Ham radio tower was exempt from the more stringent application process for minor communication facilities in chapter 21A.27 KCC.

The Kovskys contend that the Ham radio exemption in KCC 21A.26.020(G) only applies to provisions of chapter 21A.26 KCC, and Fanfant was, therefore, required to comply with the development standards for minor communication facilities in chapter 21A.27 KCC. The Kovskys support this argument with reference to the specification in KCC 21A.26.030(D), that chapter 21A.27 KCC governs if the two chapters conflict.

This argument ignores the language of KCC 21A.26.030. Compliance with the standards of chapters 21A.26 and 21A.27 KCC applies only to communication facilities that are *not* exempt under KCC 21A.26.020. KCC 21A.26.030(D) never applies to exempt facilities. As an exempt facility, Ham radio stations are not required to comply with the standards for minor communication facilities as outlined in KCC 21A.26.030(D).

Because of the exemption, the 89-foot tall Ham radio tower was not subject to the extensive preapplication processes and CUP requirement of chapter 21A.27 KCC. Fanfant was only required to obtain a building permit for his Ham radio tower.

The building permit issued for Fanfant's Ham radio tower was a land use decision under LUPA. Any challenge to the building permit was subject to LUPA's procedural requirements. Because the Kovskys did not file their challenge within the strict 21-day appeal period, the Kovskys' LUPA claim is time barred and the

trial court lacked jurisdiction to hear the challenge. We conclude that the trial court properly granted summary judgment in favor of Fanfant and King County.

## Notice Requirement

The Kovskys contend that their claim is not time barred because they filed suit within 21 days of receiving actual notice of the building permit. We disagree, because LUPA only requires general notice to begin the appeal period.

"LUPA does not require that a party receive individualized notice of a land use decision in order to be subject to the time limits for filing a LUPA petition." Samuel's Furniture, Inc. v. State, Dep't of Ecology, 147 Wn.2d 440, 462, 54 P.3d 1194 (2002), 63 P.3d 764 (2003). Instead, "LUPA seems to require merely that a local jurisdiction provide general public notice by virtue of publication of the land use decision." Samuel's Furniture, 147 Wn.2d at 462.

Here, the record clearly shows that the permit was granted on July 7, 2015, and DPER published notice of the building permit on its website by July 31, 2015. The DPER's online posting constituted general notice and began the appeal period. Individualized, actual notice was not required to start LUPA's time limit to file an appeal, which then expired well before the Kovskys filed their suit. Therefore, the Kovskys' suit was time barred.

## Attorney Fees on Appeal

Fanfant requests reasonable attorney fees on appeal as the prevailing party in an appeal of a land use decision.

The prevailing party on appeal of a decision by a county to issue, condition, or deny a development permit involving a building permit is entitled to reasonable

attorney fees and costs. RCW 4.84.370(1). The prevailing party on appeal must have been the prevailing party or substantially prevailing party before the county and in all prior judicial proceedings. RCW 4.84.370(1)(a), (b). To be entitled to fees on appeal, a party must prevail in at least two courts. Habitat Watch, 155 Wn.2d at 413. "Prevailing" includes jurisdictional wins. Durland v. San Juan County, 182 Wn.2d 55, 78-79, 340 P.3d 191 (2014).

Here, Fanfant successfully obtained a building permit from King County and prevailed in both the trial court and this court. As the prevailing party at all levels of this case, Fanfant is entitled to fees incurred on appeal to this court.

Affirmed.

Trickey, J

WE CONCUR:

Cox, J.

11